# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John A. Rizzo, Jr., Mary Frances Rizzo Wright,
Melanie Rizzo Cavalier and Johnna Maria Rizzo,
Plaintiffs Below, Petitioners**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0966** (Marion County 11-P-166)

**Margaret J. Rizzo, as Executrix of the Estate of
John A. Rizzo,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners, by counsel Edmund J. Rollo, appeal the order of the Circuit Court of Marion County, entered July 6, 2012, granting respondent's motion to dismiss. Respondent appears by counsel Michael W. Barill and Deva A. Solomon.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Dr. John A. Rizzo died testate on January 9, 2010. His last will and testament, dated September 27, 2004, was admitted to probate on April 30, 2010, and the Marion County Commission confirmed probate by order dated May 26, 2010. Sibling Petitioners John A. Rizzo Jr., Mary Frances Rizzo Wright, Melanie Rizzo Cavalier, and Johnna Maria Rizzo, the children of Dr. Rizzo, filed a complaint in the Circuit Court of Marion County on December 16, 2011, asking the court to set the will aside. The sole ground for that complaint was the representation that Dr. Rizzo did not have the mental capacity to make a will in September of 2004, having suffered a traumatic brain injury in an automobile accident more than two years before.

Respondent Margaret J. Rizzo, petitioners' step-mother and the wife of Dr. Rizzo from 1983 until his death in 2010, filed a motion to dismiss the complaint pursuant to Rule 12(b) of the West Virginia Rules of Civil Procedure. She argued that the action is barred by the six-month period of limitations found in W.Va. Code § 41-5-11 (2010).[1] The circuit court agreed and granted respondent's motion by order entered July 6, 2012.

---

[1]The respondent also asserted that the complaint should be dismissed pursuant to W.Va. R. Civ. P. 11(a), inasmuch as it was defective for failure to sign. The circuit court did not dismiss on that ground, and the parties do not argue the issue on appeal.

1

We have explained:

> This Court reviews *de novo* a circuit court's order granting a motion to dismiss a complaint, *see* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995); *Murphy v. Smallridge*, 196 W.Va. 35, 36, 468 S.E.2d 167, 168 (1996), accepting all the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. Dismissal is proper pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co., Inc.,* 160 W.Va. 530, 236 S.E.2d 207 (1977) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)). *See also Sattler v. Bailey*, 184 W.Va. 212, 222, 400 S.E.2d 220, 230 (1990) (holding dismissal of complaint to be improper where allegations in complaint were adequate to state cause of action or basis for tolling applicable statute of limitations).

*Harrison v. Davis*, 197 W.Va. 651, 656, 478 S.E.2d 104, 110 (1996).

Petitioners would have us remand this case with directions that the circuit court allow discovery relevant to the discovery rule. Specifically, petitioners advocate the tolling of the statute of limitations until June 22, 2011, the date that Petitioner John Rizzo Jr. asserts he first obtained a copy of the 2004 will from the Marion County Clerk's Office and determined that the will admitted to probate was made during his father's period of incapacity. He declares that only then did he realize that respondent had misled the petitioners by repeatedly representing that the will had not been admitted to probate, even during the estate administration. The discovery rule may indeed be applied to a statutory claim challenging a will admitted to probate. *Davey v. Estate of Haggerty*, 219 W.Va. 453, 454, 637 S.E.2d 350, 351 (2006). However, upon consideration of the circumstances before us, it is clear that no evidence obtained through further discovery would have changed the outcome below.

We note, first, that petitioners' allegations of deceit are absent from the complaint that they filed on December 16, 2011, a year and a half after the Marion County Commission confirmed probate of the will. To this day, the complaint states no claim for tortious interference with Dr. Rizzo's bequest, fraud, breach of fiduciary duty, or any other such cause of action. It likewise is devoid of any allegation that would support the tolling of the statute of limitations. Petitioners should not find themselves surprised that the circuit court would dismiss a complaint that, on its face, was filed more than a year after the apparent expiration of time for filing, in light of such omission from this crucial pleading.

Second, and more importantly, petitioners are unable to demonstrate a right to discovery under the standard that we announced in Syllabus Point 6 of *Harrison*:

> Where a plaintiff opposes a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure and claims that discovery would enable him or her to oppose such a motion, the plaintiff may request a continuance for further discovery pursuant to Rule 56(f) of the West Virginia Rules of Civil Procedure. In order to obtain such a discovery continuance, a plaintiff must, at a minimum, (1) articulate some plausible basis for the plaintiff's belief that specified "discoverable" material facts likely exist which have not yet become accessible to the plaintiff; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

Momentarily ignoring petitioners' failure to plead or more timely conduct discovery about respondent's alleged misrepresentations, the Court determines that the development of additional facts would not produce a genuine and material issue. Here, even if petitioners did not receive earlier, actual notice of probate from the Marion County Clerk, three of the four petitioners had signed the Waiver and Application for Short Form Settlement by May 4, 2011, "thereby waiving any and all rights [they] may have to inspect, approve, affirm or object to a complete and comprehensive settlement of this estate . . ."[2] As the circuit court adequately explained, the petitioners knew, or through reasonable diligence should have known, of the probate and estate administration well in advance of Petitioner John Rizzo Jr.'s review of the will. Allowing the most liberal view of these facts, petitioners' complaint should have been filed within six months of the date that the petitioners affixed their signatures to the waiver, thereby establishing actual notice of probate.

Finding no error in the granting of the respondent's motion to dismiss, the Court fully incorporates and adopts the circuit court's detailed "Order Granting Defendant's Motion to Dismiss[,]" entered July 6, 2012, and attaches the same hereto.

For the foregoing reasons, we affirm.

Affirmed.

---

[2]Only Petitioner Mary Frances Rizzo Wright did not sign the waiver. However, in an affidavit attached to her motion to dismiss the complaint, Respondent Margaret Rizzo explained that she sent the Waiver and Application for Short Form Settlement to Petitioner John Rizzo, with instructions that the document be signed, then forwarded to each sibling in turn. Petitioners have not disputed that Petitioner Mary Frances Rizzo Wright received the document.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman