# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARY C. SUTPHIN**
**Plaintiff Below, Petitioner**

**vs.) No. 22-ICA-126**        (Cir. Ct. Raleigh Cnty. Case No. CC-41-2017-C-591)

**A. DAVID ABRAMS, Jr.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary C. Sutphin appeals the Circuit Court of Raleigh County's August 26, 2022, "Order Granting Motion of Defendant, A. David Abrams, Jr., to Dismiss with Prejudice Count IX of the Second Amended Complaint." In that order, the circuit court granted Respondent A. David Abrams' motion to dismiss Ms. Sutphin's professional negligence claim against him. Mr. Abrams timely filed a response in support of the circuit court's order.[1] Ms. Sutphin filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law but there is error in the circuit court's order. Accordingly, a memorandum decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons below, the circuit court's order is affirmed, in part, and reversed, in part, and the matter is remanded to the circuit court.

At the time of her death on November 23, 2009, Ms. Sutphin's mother, Nancy Pat Lewis-Smith, owned 242 of 394 shares of stock in the Lewis Chevrolet Company ("Lewis Chevrolet") located in Beckley, West Virginia. Ms. Sutphin is a beneficiary of the Estate of Nancy Pat Lewis-Smith ("Estate") and the Nancy Pat H. Lewis Heirs Trust ("Trust"). Both the Estate and the Trust were created under the Last Will and Testament of Nancy Pat H. Lewis-Smith ("Will"). Mr. Abrams, an attorney, drafted the Will. Mr. Abrams is married to Ms. Sutphin's sister, Langhorne Abrams. Mr. Abrams and Langhorne Abrams have two daughters, Rachel Hopkins and Sarah Abrams. Mr. Abrams is a member of the Board of Directors, and serves as Executive Vice President, Assistant Secretary, and in-house counsel for Lewis Chevrolet. He also owns two shares of stock in the company.

---

[1] Ms. Sutphin is represented by Joseph L. Caltrider, Esq., and Liana L. Stinson, Esq. Mr. Abrams is represented by James R. Sheatsley, Esq., Jared C. Underwood, Esq., and Anthony Salvatore, Esq.

Rachel Hopkins is a member of the Board of Directors, serves as President, and is employed full-time as the "Principal" of Lewis Chevrolet. She also owns sixty shares of stock in the company. Ms. Hopkins' husband, Ronald Hopkins Jr., is employed full-time as the "General Manager" of Lewis Chevrolet. Sarah Abrams is a member of the Board of Directors, serves as Secretary and Treasurer, and is employed full-time as the "Public Relations Manager" of Lewis Chevrolet. Mr. Abrams, Ms. Hopkins, and Ms. Abrams constitute the entire Board of Directors and corporate officers of Lewis Chevrolet.

The Will, executed October 26, 1990, named Mr. Abrams as the Executor of the Estate and as Trustee of the Trust. The Will devised all of Nancy Pat Lewis-Smith's stock in Lewis Chevrolet to the Trust. The Will limited the Trust to a ten-year period and required Mr. Abrams to distribute the Trust's assets to the beneficiaries on the date of termination, which was November 23, 2019. The beneficiaries were Nancy Pat Lewis-Smith's three children: Ms. Sutphin, Langhorne Abrams, and Nancy Lewis Haley.

On February 3, 2022, Ms. Sutphin filed her sixty-page Second Amended Complaint ("Complaint") against Lewis Chevrolet, Mr. Abrams, Ms. Hopkins, Sarah Abrams, Ronald Hopkins, and Langhorne Abrams.[2] In the Complaint, Ms. Sutphin alleges a wide range of impropriety and corporate waste by Mr. Abrams and his family. Relevant to this appeal, Count IX of the Complaint asserts a claim for professional negligence against Mr. Abrams based on his preparation of the Will and violation of the Rules of Professional Conduct based on his involvement in the Estate, the Trust, and Lewis Chevrolet.[3]

---

[2] The Complaint also named the Estate, the Trust, and the surviving children of Nancy Lewis Haley as notice defendants.

[3] The Complaint also asserted a claim for Violations of the Uniform Trust Code against Mr. Abrams (Count I); Breach of Fiduciary Duties as Trustee against Mr. Abrams (Count II); Administration of Estate against Mr. Abrams (Count III); Breach of Fiduciary Duties as Executor against Mr. Abrams (Count IV); Violations of West Virginia Business Corporation Act against Mr. Abrams, Sarah Abrams, and Rachel Hopkins (Count V); Breach of Fiduciary Duties as Directors and Officers against Mr. Abrams, Sarah Abrams, and Rachel Hopkins (Count VI); Conversion against Mr. Abrams, Sarah Abrams, and Rachel Hopkins (Count VII); Negligence against Mr. Abrams, Sarah Abrams, and Rachel Hopkins (Count VIII); Tortious Interference with Inheritance against Mr. Abrams, Langhorne Abrams, Sarah Abrams, Ronald (Chad) Hopkins, and Rachel Hopkins (Count X); Fraud/Constructive Fraud against Mr. Abrams, Sarah Abrams, and Rachel Hopkins (Count XI); Civil Conspiracy against Mr. Abrams, Langhorne Abrams, Sarah Abrams, Ronald (Chad) Hopkins, and Rachel Hopkins (Count XII); Unjust Enrichment against Mr. Abrams, Langhorne Abrams, Sarah Abrams, Ronald (Chad) Hopkins, and Rachel Hopkins (Count XIII); Constructive Trust against Mr. Abrams, Langhorne Abrams, Sarah Abrams, Ronald (Chad) Hopkins, and Rachel Hopkins (Count XIV); Punitive Damages against Mr. Abrams, Langhorne Abrams, Sarah Abrams, Ronald (Chad) Hopkins, and Rachel Hopkins

On February 28, 2022, Mr. Abrams, through counsel, moved to dismiss Count IX on the basis that no attorney-client relationship existed between Mr. Abrams and Ms. Sutphin; the factual averments set forth in the Complaint did not demonstrate that the Will was prepared contrary to the intent of Nancy Pat Lewis-Smith; Ms. Sutphin did not have standing to bring the claims; and the circuit court did not have authority to enforce the Rules of Professional Conduct.

On July 29, 2022, the circuit court held a hearing on Mr. Abrams' motion. Following the hearing, on August 26, 2022, the circuit court issued its "Order Granting Motion of Defendant, A. David Abrams, Jr., to Dismiss with Prejudice Count IX of the Second Amended Complaint." In that order, the circuit court concluded that Ms. Sutphin lacked standing to bring a claim for professional negligence because the Complaint did not allege that Mr. Abrams failed to accurately prepare the Will in accordance with the wishes of Nancy Pat Lewis-Smith. Rather, the Complaint raised issues regarding the administration of the Estate and Trust, which are separate issues from the drafting of the documents that created the Estate and Trust. The circuit court went on to conclude that the Raleigh County Commission has primary jurisdiction over will contests and since Ms. Sutphin failed to contest the Will before the Raleigh County Commission while the Estate was open, the circuit court lacked jurisdiction over such issues. It is from this order that Ms. Sutphin appeals.

On appeal, we apply the following standard of review: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "A court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of West Virginia*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)).

In regard to Ms. Sutphin's professional negligence claim, in order to recover against an attorney for negligence, a plaintiff must prove: "(1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." Syl. Pt. 1, in part, *Calvert v. Scharf*, 217 W. Va. 684, 619 S.E.2d 197 (2005). As noted in *Calvert*:

> Where a malpractice claim involves a matter for which the plaintiff directly
> hired the attorney, there is no question that a duty was owed. However, in
> cases such as the instant one where there is no employment relationship

---

(Count XV); and Attorney Fees and Litigation Costs against Mr. Abrams, Langhorne Abrams, Sarah Abrams, Ronald (Chad) Hopkins, and Rachel Hopkins (Count XVI).

3

between the lawyer and the malpractice plaintiffs, establishing the existence of a duty is critical to the plaintiffs' ability to go forward with their action. This is so because, without a duty owed, a person claiming to have been harmed by a lawyer's negligence does not have standing to assert a claim.

*Id*. at 690, 619 S.E.2d at 203.

The *Calvert* court examined whether a lawyer preparing a will owes a duty to the beneficiaries of that will such that the beneficiaries would have standing to assert a cause of action against the lawyer for professional negligence in the drafting of the will. The *Calvert* court concluded that:

Direct, intended, and specifically identifiable beneficiaries of a will have standing to sue the lawyer who prepared the will where it can be shown that the testator's intent, as expressed in the will, has been frustrated by the negligence of the lawyer so that the beneficiaries' interest(s) under the will is either lost or diminished.

*Calvert*, 217 W. Va. at 685, 619 S.E.2d at 198, syl. pt. 2.

Here, there is no allegation in the Complaint that Mr. Abrams failed to prepare the Will in accordance with the wishes of Nancy Pat Lewis-Smith or that her intent, as expressed in the Will, has been frustrated by Mr. Abrams' negligence in his capacity as the drafter of the Will. Rather, it is clear from the Complaint that the alleged conduct by Mr. Abrams that Ms. Sutphin asserts diminished her interests under the Will and frustrated her mother's intent relates to the administration of the Estate, Trust, and Lewis Chevrolet, not the drafting of the documents that created the Estate or Trust. Accordingly, the circuit court did not err in dismissing Ms. Sutphin's professional negligence claim on the basis that she lacked standing.

Turning to Ms. Sutphin's assertion that the circuit court erred in concluding that it lacked jurisdiction to adjudicate her professional negligence claim, the circuit court held:

The Probate Court of Raleigh County (Raleigh County Commission) has primary jurisdiction with regard to Will contests as relates [sic] to the validity of said Wills, the testamentary capacity of a Testator or Testatrix and other challenges, including issues as to whether any instrument purported to be the Last Will and Testament of a decedent in fact conveys the intentions of a Testatrix. [Ms. Sutphin], having failed to file any challenge before said Probate Court during the time period that the Estate was an open Estate, cannot raise these issues before the Circuit Court, the Circuit Court, in fact, having no jurisdiction over this issue.

4

Both parties indicate that this conclusion by the circuit court purports to divest the circuit court of jurisdiction to adjudicate professional negligence claims by beneficiaries of a will. However, we do not agree with this interpretation. Rather, in this conclusion, the circuit court merely mentions probate issues that fall within the jurisdiction of the county commission and properly states it does not have jurisdiction over such issues. Insomuch as a direct, intended, and specifically identifiable beneficiary of a will has standing to assert a professional negligence claim, jurisdiction to adjudicate the same lies with the circuit court. *See Calvert,* 217 W. Va. at 684, 619 S.E.2d at 197; *Barone v. Barone*, 170 W. Va. 407, 410, 294 S.E.2d 260, 263 (1982) (complaint that did not seek to impeach or establish a will but alleged tortious injury could not be heard in probate proceedings.).

Turning to the circuit court's dismissal with prejudice of Ms. Sutphin's professional negligence claim for lack of standing, "[s]tanding is a jurisdictional requirement[.]" *Men & Women Against Discrimination v. Fam. Prot. Servs. Bd*., 229 W. Va. 55, 60, 725 S.E.2d 756, 761 (2011) (citation omitted). "[A] dismissal for lack of jurisdiction is not considered an 'adjudication on the merits' and is therefore generally a dismissal without prejudice. *Tanner v. Raybuck*, 246 W. Va. 361, 368, 873 S.E.2d 892, 899 (2022) (citation omitted). Although Mr. Abrams denied the allegations of professional negligence in his answer to Ms. Sutphin's complaint, given that it is possible that discovery could lead to the revelation of information that would give Ms. Sutphin standing to properly bring a claim for professional negligence against Mr. Abrams, we reverse the circuit court's dismissal with prejudice.

Therefore, we affirm the circuit court's dismissal of Ms. Sutphin's professional negligence claim for a lack of standing. However, we reverse its dismissal of the claim with prejudice. Accordingly, this matter is remanded to the circuit court for entry of an order dismissing Count IX of Ms. Sutphin's complaint without prejudice.

Affirmed in part, Reversed in part, and Remanded with Instructions.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5