# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARY WENZ,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-201** (Cir. Ct. Greenbrier Cnty. No. CC-13-2019-C-162)

**RACHEL HANNA and**
**LAW OFFICE OF RACHEL HANNA,**
**Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioner Mary Wenz appeals the Circuit Court of Greenbrier County's April 18, 2023, order. In that order, the circuit court dismissed Ms. Wenz's complaint on the basis that the circuit court did not have jurisdiction over the claims and even if it did have jurisdiction, dismissal would still be appropriate because Ms. Wenz's claims were barred by the statute of limitations. Respondents Rachel Hanna and Law Office of Rachel Hanna (collectively "Ms. Hanna") filed a response in support of the circuit court's order.[1] Ms. Wenz filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 3, 2018, Ms. Wenz filed the underlying complaint against Ms. Hanna alleging professional negligence and intentional infliction of emotional distress. However, Ms. Wenz did not cause a summons to issue and did not serve the complaint upon Ms. Hanna. Therefore, on December 3, 2018, the circuit court dismissed the case for failure to serve. On December 3, 2019, Ms. Wenz refiled her case and Ms. Hanna was served on May 27, 2020. On August 10, 2022, Ms. Wenz filed her amended complaint in which she alleged Ms. Hanna's breach of fiduciary duty, fraud, civil conspiracy, and intentional infliction of emotional distress.

---

[1] Ms. Wenz is represented by Jeffrey V. Mehalic, Esq. Ms. Hanna is self-represented.

1

More specifically, the amended complaint alleges that on or around June 12, 2015, Ms. Wenz entered an attorney-client relationship with Ms. Hanna that concerned a potential product liability case involving implant manufacturer Medtronic. Further, the amended complaint alleges that Ms. Hanna "began a sexual relationship" with Ms. Wenz's then-husband, Dennis O'Dell ("O'Dell"), that said relationship "that ultimately destroyed" Ms. Wenz's marriage, ruined her financially, and caused her emotional distress. It was also alleged that when Ms. Wenz first confronted Ms. Hanna about the inappropriate relationship with Mr. O'Dell on April 14, 2016, that Ms. Hanna continuously denied the relationship. In fact, Ms. Wenz averred that it was not until July 7, 2016, that Ms. Hanna finally admitted to having an intimate relationship with Ms. Wenz's husband.

On August 30, 2022, Ms. Hanna moved to dismiss the amended complaint. In her motion to dismiss, Ms. Hanna explained that the Office of Disciplinary Counsel had investigated the matter, found that the attorney-client relationship ended no later than October of 2015, and that no breach of any duty occurred. Ms. Hanna further argued that because Ms. Wenz had obtained a divorce in Virginia based upon adultery, and since Virginia circuit courts are courts of general jurisdiction, Ms. Wenz should have brought her claims in the Virginia court as her instant claims are essentially claims for adultery in disguise.

On October 13, 2022, Ms. Hanna filed a second motion to dismiss and argued that Ms. Wenz's claims were barred by the doctrine of laches, clean hands, and the statute of limitations. Ms. Hanna alleged that the latest date Ms. Wenz knew or should have known of the affair was no later than January 6, 2016, and since her initial complaint was filed more than two years later, her complaint was timed barred. On October 13, 2022, Ms. Hanna filed a third motion to dismiss, in which she argued that dismissal of Ms. Wenz's complaint was proper pursuant to principles of equity. In her third motion to dismiss, Ms. Hanna argues that at some point during the litigation, Ms. Wenz hired Ms. Hanna's ex-husband and ex-law partner as her attorney in this matter.[2] The remainder of the motion concerned alleged technical shortcomings of the amended complaint. Also on October 13, 2022, Ms. Hanna filed an answer to the amended complaint. In her answer she asserted that Ms. Wenz began a relationship with Ms. Hanna's ex-husband and law partner and that during Ms. Hanna's divorce, Ms. Hanna's ex-husband used the Office of Disciplinary Counsel complaint against her to force her into a settlement. The answer also asserted counterclaims for defamation, slander, and libel, invasion of privacy and false light, tortious interference, abuse of process, conspiracy, fraud, and intentional infliction of emotional distress.

---

[2] This attorney is not a party to this action and was later disqualified from representing Ms. Wenz in this matter.

On March 28, 2023, the circuit court held a hearing on the motions to dismiss. Following the hearing, on April 18, 2023, the court entered an order that concluded that:

> The subject matter of this case is inseparable from and inextricably intertwined with the proceedings in the Virginia. The damages alleged were incurred in Virginia and fully adjudicated in Virginia judicial proceedings pursuant to applicable Virginia law. Plaintiff does not allege injury, loss, or damage sufficiently separate and distinct from those adjudicated in Virginia. Therefore, this court does not have the power to grant the relief requested.

The circuit court went on to find that even if it did have jurisdiction, dismissal was appropriate based upon the statute of limitations because Ms. Wenz was aware of the affair in the spring of 2016, but did not file her complaint until after the two-year statute of limitations elapsed on July 3, 2018. It is from this order that Ms. Wenz appeals.

On appeal, we apply the following standard of review: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo."* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "A court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)).

Ms. Wenz first asserts that the circuit court erred by concluding that it did not have subject matter jurisdiction over her claims. We disagree. In Syllabus Point 2 of *Weaver v. Union Carbide Corp.,* 180 W.Va. 556, 378 S.E.2d 105 (1989), the Supreme Court of Appeals of West Virginia set forth the elements for a claim for alienation of affections and recognized that the cause of action has been statutorily abolished in West Virginia: "A cause of action for alienation of affection consists of three elements: wrongful conduct of the defendant, plaintiff's loss of affection or consortium with the other spouse, and causal connection between such conduct and loss. W. Va. Code, 56-3-2a, *abolishes all such suits* for alienation of affections." (Emphasis added). In *Weaver,* though the plaintiff did not label her claims as alienation of affection claims, the *Weaver* Court nevertheless held that any cause of action that was substantively one for alienation of affection should be dismissed. *Id*. at 180 W. Va. at 559–60, 378 S.E.2d at 108–09.

Here, Ms. Wenz expressly asserts that Ms. Hanna's wrongful conduct made Mr. O'Dell "walk away" from his marital responsibilities to Ms. Wenz, including to support her emotionally as well as financially. Although Wenz labels her claims a variety of

3

ways, just as the claimant in *Weaver*, it is clear that all of her underlying claims stem from an alleged alienation of affection, which is not recognized under West Virginia law.

Allowing Ms. Wenz's claims to go forward would undermine the reasons cited by the *Weaver* Court for abolishing alienation of affections claims. *See State ex rel. Golden v. Kaufman*, 236 W. Va. 635, 646, 760 S.E.2d 883, 894 (2014) (*Weaver* cites the following reasons for abolishing alienation of affections claims: "(1) the potential for blackmail and extortion between spouses; (2) the difficulty in assessing the loss arising from the claim; (3) it represents a forced sale of one spouse's affections; and (4) marital harmony best being served by judicial noninvolvement[.]"). Accordingly, as all of Ms. Wenz's claims herein result from an alleged alienation of affection, which have been abolished in West Virginia, the circuit court did not err in concluding that it did not have subject matter jurisdiction of Ms. Wenz's claims.

Having found that the circuit court properly concluded that it did not have subject matter jurisdiction, and as such a conclusion is dispositive of this matter, we decline to address Ms. Wenz's remaining assignment of error.

Accordingly, based on the foregoing, we affirm the circuit court's April 18, 2023, order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear