### Mrs. Frances BRITTIAN

v.

### BELK GALLANT COMPANY OF DE-CATUR, GEORGIA, Incorporated.

### No. 12232.

United States District Court
N. D. Georgia,
Atlanta Division.

March 31, 1969.

See also D.C., 301 F.Supp. 478.

Haas, Holland, Freeman, Levison & Gibert, Richard N. Hubert, Atlanta, Ga., for plaintiff.

Gambrell, Russell, Moye & Killorin, Atlanta, Ga., David M. McConnell, Charlotte, N. C., for defendant.

## ORDER

EDENFIELD, District Judge.

This is an action for damages under Section 706(e, f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e, f). The case is now before the court on plaintiff's motion for leave to amend the complaint and on defendant's motions (1) to dismiss and (2) for judgment on the pleadings.

Plaintiff's motion for leave to amend the complaint will be granted subject to the filing of objections by defendant.

The alleged defects in the complaint upon which defendant bases its motion to dismiss and its motion for judgment on the pleadings are both cured by the amendments to the complaint; however, even without such an amendment the motions would have to be denied.

█ Defendant moved to dismiss on the ground that 42 U.S.C. § 2000e is not applicable since the complaint alleges that defendant has only 28 employees. Although the complaint as filed did allege that plaintiff "was one of an employee complement of 28 people" it is not clear that this was intended to be an allegation of the total number of persons employed in all capacities, or that this is the relevant work force for purposes of § 2000e. Plaintiff affirmatively alleged jurisdiction under § 2000e and that allegation cannot be refuted by the statement in the complaint upon which defendant relies.

█ Defendant has moved for judgment on the pleadings on the ground that an attached affidavit shows that plaintiff was never employed by defendant. Under Rule 12(c) of the Federal Rules of Civil Procedure judgment on the pleadings can be granted *only* on the pleadings. (If an affidavit is presented

to and not excluded by the court the motion must be treated as one for summary judgment and all parties must be given an opportunity to present pertinent material. Thus defendant would have had ample opportunity to show that although the word "Suburban" was omitted from defendant's name the proper party was served and has at all times been aware of this suit.)

Accordingly, plaintiff's motion for leave to amend is granted subject to objection, while defendant's motions to dismiss and for judgment on the pleadings are denied.