JOHN WALTER CHAPMAN, JR.

*v.*

KANE TRANSFER COMPANY, INC.

(No. 13861)

Decided July 12, 1977.

*Rice, Hannis & Douglas, Richard L. Douglas and Charles F. Printz, Jr.* for appellant.

*Bean & Bean, Ralph J. Bean, Oscar M. Bean* for appellee.

McGraw, Justice:

The personal injury action of plaintiff, John Walter Chapman, Jr., against defendant, Kane Transfer Company, Inc., "was dismissed with prejudice against the Plaintiff to reinstatement of same", by order of the Circuit Court of Berkeley County, entered on October 12, 1976. The trial court, on its own invitation and on motion of defendant's attorney, treated a pending motion for summary judgment as a motion to dismiss pursuant to Rule 12(b)(6), W.Va. R.C.P., as procedural basis for its dismissal order. Defendant's motion to have the motion for summary judgment treated as a motion to dismiss asked that such consideration be given but "without the supporting Affidavits and Counter-Affidavits" filed in support of and in opposition to the motion for summary judgment.

Plaintiff's complaint alleges that, on August 27, 1973, while he was assisting with unloading produce from defendant's trailer over a trailer ramp to a loading dock at the Grand Union Food Market, Martinsburg, West Virginia, "the trailer ramp connecting the truck and the loading dock collapsed causing the Plaintiff to suffer a fall and sustain severe injury to his right leg and ankle." He asserts that the "sole and proximate cause" of his injuries resulted from defendant's negligence "due to the defendant's failure, by its agent to properly position the trailer and properly set the ramp." He claims damages, including "expenses for doctor and hospital treatment", loss of wages, and compensation for "great pain of body and mind", and demands a jury trial.

Defendant moved to dismiss, filed its answer, and interposed three affirmative defenses, all largely based on failure of the complaint to state a cause of action against defendant and lack of any duty owing by defendant to plaintiff. Defendant served 22 interrogatories on plaintiff and, when no timely answers were forthcoming, moved to dismiss the action as a sanction under Rule 37. This motion was later withdrawn and plaintiff responded to the interrogatories. Plaintiff's 11 interrogatories

served on defendant were answered. Defendant's responses to the interrogatories brought into the record a copy of an agreement, dated August 13, 1973, between The Grand Union Company, as shipper, and defendant Kane Transfer Company, as carrier, covering transportation of Grand Union's commodities by defendant from shipper's distribution center to its various markets, including stores in West Virginia.

The first paragraph of the agreement provides:

> *"FIRST:* Carrier agrees, during the term of this Agreement, to furnish the management, supervision and necessary labor and automotive equipment to load, unload and deliver by motor vehicle, commodities which are shipped from Shipper's distribution center at Landover, Maryland to its stores located in Maryland, District of Columbia, Virginia and West Virginia."

At a pretrial conference on May 24, 1976, the trial court allowed the agreement to be marked as Plaintiff's Exhibit No. 1 and to be vouched into the record for possible appeal consideration, but denied plaintiff's motion to allow the agreement in evidence for jury consideration.

At the pretrial conference the court permitted plaintiff to amend his complaint and also permitted defendant to amend its answer by inserting a fourth defense on plaintiff's assumption of the risk incident to the unloading work whereby he was injured. The court denied defendant's motion to dismiss the action, since it appeared to the trial court "that Plaintiff's amendment to the Complaint hereinbefore set out meets the substance of Defendant's objection to Plaintiff's Complaint raised in Defendant's Motion to Dismiss." At the conference other exhibits were identified and marked, plaintiff's special damages were stipulated, agreement was reached on the contents of the court's preliminary statement to the jury, and the jury trial was set for July 22, 1976, subject to the court's action on a motion for summary judgment contemplated to be filed by defendant. The motion for

summary judgment was filed on June 16, 1976, supported by affidavits and restating defenses earlier interposed by defendant. Counter affidavits were later filed by plaintiff.

The trial court prepared a Memorandum of Opinion which reviewed in part the agreement of August 13, 1973, admitted in the record but not for purposes of evidence to be considered by the jury, and some of the materials brought into the record through interrogatories, and, in the written opinion, concluded:

> "... It seems clear that although the contract would indicate a duty on the carrier to unload never the less the parties have modified the contract and further ratified the modification by their acts since the carrier does not in practice unload any of the trailers and the store does in practice unload all the trailers at the Martinsburg Store therefore if in fact there is any claim under the contract because of the carrier's failure to unload and supervise the unloading it would be a contractual claim by Grant Union against a carrier for breach of contract for not carrying out all their duties under the contract.

> "The Plaintiff has no contractual rights with the Defendant and has therefore brought his suit as negligence case and since the carrier wasn't doing anything at the time of the unloading when the Plaintiff was injured there wasn't any duty by the carrier to the employee who was working under the direction of his employer Grand Union. It is recognized by the Court under certain circumstances there is a duty for example not to willfully injure a tresspasser on your property but none of these other rules that might create a duty on part of the carrier are implemented by the facts in this case and the unloading was being done by Grand Union and Grand Union has not been made a party Defendant.

> "Simply stated the carrier had to do something wrong in violation of a duty owed to the Grand

Union employee that it had control of, and they didn't do anything wrong in connection with the situation that was under their control and at the time of the accident it was not under their control.

"The Court is of opinion to treat the Motion for Summary Judgment as a motion to dismiss and sustain the same and will enter a proper order submitted to it for that purpose."

The jury trial was continued and another pretrial conference was held on October 12, 1976, at which time the parties stipulated certain facts relating primarily to trailer unloading operations on the evening of August 27, 1973, when plaintiff sustained his injuries. Counsel for defendant moved that defendant's motion for summary judgment be treated as a motion to dismiss under Rule 12(b)(6), W.Va. R.C.P., without the supporting affidavits and plaintiff's counter affidavits. The court granted defendant's motion to dismiss and, by order of October 12, 1976, dismissed the action "with prejudice against the Plaintiff to reinstatement of same." The order made the court's Memorandum of Opinion, as above referenced, a part of the record. On plaintiff's petition for a writ of error and supersedeas, granted February 28, 1977, the trial court's final judgment order of October 12, 1976, is now before the Court for review and consideration. By leave of Court granted on March 14, 1977, the hearing of this cause was expedited. W. Va. Code, 58-5-25.

In their presentations counsel for the parties focus on two issues: (1) Whether the trial court erred in refusing to admit for evidence purposes the commodity transportation agreement between The Grand Union Company and Kane Transfer Company, dated August 13, 1973; and (2) whether the court erred in treating and considering defendant's motion for summary judgment as a motion to dismiss under Rule 12(b)(6) and in granting the motion to dismiss the action with prejudice against plaintiff.

This is an action in tort to recover damages for personal injuries. In such cases the complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief to which he deems himself entitled." Rule 8(a), W.Va. R.C.P. Form 9, complaint for negligence, is sufficient under the Rules to indicate the simplicity and brevity required in a complaint for personal injuries. Rule 84. If a complaint is vague or ambiguous, the defendant may move for a more definite statement of factual allegations. Rule 12(e). Pleadings are defined in Rule 7(a). Other record materials, such as motions, depositions, interrogatories and answers thereto, stipulations of counsel and other like or similar entries, are not pleadings. "All pleadings shall be construed as to do substantial justice." Rule 8(f).

Plaintiff's complaint alleges that "while unloading produce from a transfer trailer truck owned by the Defendant, Kane Transfer Co., Inc.," he "was severely and permanently injured due to the Defendant's failure, by its agent to properly position the trailer and properly set the ramp. A trailer ramp connecting the truck and the loading dock collapsed causing the Plaintiff to suffer a fall and sustain severe injury to his right leg and ankle." He further asserts that "the sole and proximate cause of the Plaintiff's injuries resulted from the negligence of the Defendant, Kane Transfer Co., Inc." He restates his claim by asserting that "as a proximate result of the negligent conduct of an employee of Defendant corporation acting within the scope of his employment", he was severely and permanently injured, thereafter detailing the nature of the injuries and his claim for damages.

Defendant, in its answer, embracing a motion to dismiss and four affirmative defenses, asserts that any negligence was due to others not connected with the corporate defendant, that plaintiff was guilty of contributory negligence, that plaintiff's injuries were due to an unavoidable accident, and that plaintiff assumed the

risk incident to the place and condition of his employment at the time of his injuries.

The trial court, in its pretrial order entered May 25, 1976, found plaintiff's complaint as amended sufficient against defendant's objections and denied defendant's motion to dismiss, but, without amendments to the pleadings or the incoming of additional pleadings, the court, in its Memorandum of Opinion and second pretrial order, entered October 12, 1976, granted defendant's motion to dismiss the action with prejudice against plaintiff.

Although the trial court denied plaintiff's motion to admit the commodity transportation agreement of August 13, 1973, as evidence for jury consideration, it is obvious that the court, in its Memorandum of Opinion and action dismissal order, considered the agreement along with responses to interrogatories and stipulation of facts by counsel, found that defendant owed no duty to plaintiff at the time of the accident, and dismissed the action on defendant's motion for summary judgment treated as a motion to dismiss under Rule 12(b)(6). While trial courts may consider and weigh evidentiary materials not allowed to go to a jury, they may not, in acting on a motion to dismiss an action for failure of a pleading to state a claim under Rule 12(b)(6) or for judgment on the pleadings under Rule 12(c), consider matters outside the pleadings, but the pending "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." In this case the pleadings consisted of the complaint and answer, both as amended. The Rules permit a motion under Rule 12(b)(6) and 12(c) to be treated and considered as a motion for summary judgment along with matters outside the pleadings, but the reverse treatment, treating a motion for summary judgment as a motion to dismiss or as a motion for judgment on the pleadings, is not countenanced or permitted, particularly where it is obvious that the court has considered matters outside the pleadings among

bases for its judgment. On this point the language of Rule 12 of the West Virginia Rules and of the Federal Rules of Civil Procedure is identical. In 5 Wright and Miller, *Federal Practice and Procedure,* § 1366 (1969), the writers conclude:

> "Once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment and several courts have held that is reversible error for the district court to consider outside matter without converting the motion to dismiss into a motion for summary judgment. . . ."

*Phillips v. Columbia Gas of West Virginia.* 347 F. Supp. 533 (S.D. W.Va. 1972), affirmed 474 F.2d 1342; *Smith v. Blackledge,* 451 F.2d 1201 (4th Cir. 1971). The pleadings only are to be considered on a motion under Rule 12(b)(6). *Brittian v. Belk Gallant Co.,* 301 F. Supp. 477 (D.C. Ga. 1969).

The record and briefs of counsel devote considerable attention to the trial court's action on refusing to admit for evidence purposes the commodity transportation agreement of August 13, 1973, under which the defendant here, Kane Transfer Company, was obliged to "furnish the management, supervision and necessary labor and automotive equipment to load, unload and deliver by motor vehicle, commodities" from shipper's distribution center to its stores. Plaintiff considers the agreement important to show a duty on the part of the defendant to furnish the equipment and labor for unloading and delivering the commodities. Plaintiff's injuries resulted when the trailer ramp connecting the truck and the loading dock collapsed, causing plaintiff to fall. Defendant's negligence "due to defendant's failure, by its agent to properly position the trailer and properly set the ramp" is alleged to be the proximate cause of plaintiff's injuries. Defendant reasons that plaintiff was not a party to the commodity transportation agreement, that the agreement is irrelevant to the issues in this action, that the statute, W.Va. Code, 55-8-12, relating to third party beneficiaries under a contract does not em-

brace the factual situation here involved, and that allowing the agreement in evidence would create reversible error. While it is obvious that the trial court considered the provisions of the agreement in making its rulings, refusal of the court to allow the agreement in evidence in the pretrial proceedings is not considered to be a substantial error requiring extended discussion or analysis. If, at a jury trial, witnesses testify as to the facts relating to unloading and delivery of the commodities under the agreement, a situation may emerge requiring the agreement to be admitted under the best evidence rule or for some other evidentiary purpose. This is a tort action to recover for personal injuries—not a contract action in which plaintiff comes into court as a third party beneficiary under a contract.

A rule for testing the sufficiency of a complaint when challenged by a motion to dismiss for failure to state a claim has been well defined by the United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), in the following language:

> "... In appraising the sufficiency of a complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff. The trial court's inquiry will be directed to whether the allegations constitute a statement of a claim under Rule 8(a). A motion to dismiss for failure to state a claim is viewed with disfavor, particularly in actions to recover for personal injuries. Our Court has held, in *Poe v. Pittman*, 150 W. Va. 179, 144 S.E.2d 671 (1965), Syllabus, point one,

> "In a personal injury action, issues involving primary negligence on the part of the defendants, contributory negligence on the part of the plaintiff, due care and proximate cause are prop-

er for determination by the jury when the evidence pertaining to such issues is conflicting, involving credibility of witnesses, or where the evidence, though undisputed or without conflict, is such that reasonable men may properly draw different conclusions from it."

In the present case the complaint charges that defendant's negligence, due to defendant's failure by its agent to properly position the trailer and to properly set the trailer ramp connecting the truck and the loading dock, resulted in the collapse of the ramp, causing plaintiff's fall and personal injuries. Plaintiff alleges that the sole and proximate cause of his injuries was the negligent conduct of the defendant or an employee of defendant acting within the scope of his employment. He states the nature of his injuries and losses and demands judgment. The allegations of the complaint adequately satisfy the requirements of Rule 8. *Barker v. The Traders Bank*, 152 W. Va. 774, 166 S.E.2d 331 (1969). The trial court's dismissal of the action with prejudice to plaintiff, on defendant's motion for summary judgment treated as a motion to dismiss under Rule 12(b)(6), as disclosed by the record in this case, was in error and will be reversed. The judgment of the Circuit Court of Berkeley County, entered on October 12, 1976, dismissing plaintiff's action with prejudice, is reversed and this cause is remanded to the trial court for such further proceedings as may be appropriate.

*Reversed and remanded.*