# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Judy Kay Miskell,**
**Plaintiff Below, Petitioner**

**vs)   No. 17-0836** (Pendleton County 17-C-14)

**Jerry Moore, Attorney for the**
**Hinkle Corporation;**
**Defendant Below, Respondent**

**FILED**

**May 31, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Judy Kay Miskell, pro se, appeals the August 29, 2017, order of the Circuit Court of Pendleton County granting Respondent Jerry Moore's motion to be dismissed as a co-defendant in petitioner's civil action against respondent's client, Hinkle Trucking, Inc. ("Hinkle"). [1] Respondent, by counsel Jared T. Moore, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to petitioner, on August 2, 2015, a truck driven by a Hinkle employee sprayed lime on her vehicle as she was traveling behind the truck on Route 33 in Riverton, West Virginia. Petitioner alleges that the lime caused her health problems. On July 18, 2017, petitioner filed a civil action against Hinkle in the Circuit Court of Pendleton County seeking $500,000 in damages. In addition to Hinkle, petitioner named respondent—Hinkle's attorney—and Hinkle's insurer and its adjusters as co-defendants. Petitioner alleges that Hinkle and its various agents intentionally hindered her ability to file her civil action within the applicable two-year statute of limitations. [2]

---

[1] Respondent states that petitioner mistakenly identified his client as "the Hinkle Corporation" in her complaint.

[2] West Virginia Code § 55-2-12(b) provides, in pertinent part, that "[e]very personal

1

With regard to respondent, petitioner alleges that Hinkle informed her to "contact [its] attorney, [respondent,] who refuse[d] to receive phone calls and it is suspected that he advised his clients to not respond to any phone calls or inquiries after initial contact of the accident, possibly to run out the [s]tatute of [l]imitations."

On July 25, 2017, respondent filed a motion to be dismissed as a co-defendant, arguing that he enjoyed absolute immunity from petitioner's action pursuant to the litigation privilege. In response, petitioner filed a motion for an evidentiary hearing on July 30, 2017. The circuit court held a hearing on respondent's motion on August 22, 2017, at which it heard arguments from the parties. The circuit court asked petitioner whether her only allegations against respondent were that he refused her phone calls and advised Hinkle "to run out the statute [of limitations.]" Petitioner answered in the affirmative. By order entered August 29, 2017, the circuit court dismissed respondent as a co-defendant with prejudice, finding:

> 16. In this case, each and every allegation against [respondent] is based upon his representation of [Hinkle] as legal counsel. It is not alleged that [respondent] took any type of action outside of the litigation process. In particular, [petitioner] avers that [respondent] merely refused to receive her telephone calls and advised his clients to avoid communications with [petitioner].

> 17. The [c]ourt finds that [petitioner's] [c]omplaint against [respondent] is absolutely barred under the litigation privilege, which insulates legal counsel from civil liability arising out of their actions during the course of litigation.

Petitioner now appeals the circuit court's August 29, 2017, order dismissing respondent as a co-defendant in her civil action.[3] Rule 12(b)(6) of the West Virginia Rules of Civil Procedure

---

action for which no limitation is otherwise prescribed shall be brought: . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries[.]"

[3]We note that this Court's "jurisdiction normally does not encompass appeals from the denial or granting of a motion to dismiss where there are remaining issues to be litigated." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 775, 461 S.E.2d 516, 521 (1995). The order at issue here dismisses all claims against respondent only, leaving claims pending against the other defendants; however, it does not include certification under Rule 54(b) of the West Virginia Rules of Civil Procedure that "there is no just reason for delay" not to enter final judgment as to the dismissed defendant. Nonetheless,

> [t]he key to determining if an order is final is not whether the language from Rule 54(b) . . . is included in the order, but is whether the order approximates a final order in its nature and effect. We extend application of this rule to a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

provides, in pertinent part, that a defendant may move to dismiss an action for "... (6) [a] failure to state a claim upon which relief can be granted." In syllabus points one and two of *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 700 S.E.2d 183 (2010), we held:

> 1.      "Appellate review of a circuit court's order granting a motion to dismiss a complaint is de novo." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).
>
> 2.      "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

On appeal, petitioner argues that the circuit court should have provided an opportunity to prove her claims that respondent refused her phone calls and advised Hinkle "to run out the [s]tatute of [l]imitations." Respondent counters that a court may properly grant a motion to dismiss "where the claim is not authorized by the laws of West Virginia." *McGraw*, 194 W.Va. at 776, 461 S.E.2d at 522. *See Camden-Clark Mem. Hosp. Corp. v. Tuan Nguyen*, 240 W.Va. 76, 79 n.8, 807 S.E.2d 747, 750 n.8 (2017) (finding that a motion to dismiss tests the legal sufficiency of a complaint). We agree with respondent and find that petitioner confirmed to the circuit court that her only allegations against respondent were that he refused her phone calls and advised Hinkle to run out the statute of limitations. Given that the nature of petitioner's allegation related to respondent's representation of Hinkle regarding a prospective judicial action, the circuit court found that petitioner's claim was not legally cognizable because of the litigation privilege.

In syllabus point three of *Clark v. Druckman*, 218 W.Va. 427, 624 S.E.2d 864 (2005), we held that "[t]he litigation privilege is generally applicable to bar a civil litigant's claim for civil damages against an opposing party's attorney if the alleged act of the attorney occurs in the course of the attorney's representation of an opposing party and is conduct related to the civil action." *See* Syl. Pt. 2, *Collins v. Red Roof Inns, Inc.*, 211 W.Va. 458, 566 S.E.2d 595 (2002) (holding that the litigation privilege bars a defamation action when the subject statement is made where "the prospective judicial action . . . is under serious consideration"). Here, it is undisputed that petitioner was seriously considering a suit against respondent's client given petitioner's allegation that Hinkle and its various agents acted to prevent her from filing suit within the applicable statute of limitations. Petitioner further alleges that those actions were undertaken on advice from

---

Syl. Pt. 1, 194 W. Va. at 773, 461 S.E.2d at 519. Here, because the circuit court found that respondent enjoyed absolute immunity from petitioner's action, we find that the order is final in its nature and effect and that the matter is, therefore, properly before this Court on appeal. *See Nat'l Union Fire Ins. Co. v. Miller*, 228 W. Va. 739, 746-47, 724 S.E.2d 343, 350-51 (2012) (finding that an appeal was proper given that the circuit court's order was final in its nature and effect).

respondent. Therefore, upon our review of the record, we concur with the circuit court's finding that "each and every allegation against [respondent] is based upon his representation of [Hinkle] as legal counsel." Accordingly, we conclude that the circuit court did not err in granting respondent's motion to dismiss as he enjoys absolute immunity from petitioner's action pursuant to the litigation privilege.[4]

For the foregoing reasons, we affirm the circuit court's August 29, 2017, order dismissing respondent as a co-defendant with prejudice from petitioner's civil action against respondent's client.

Affirmed.

**ISSUED:** May 31, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]In *Clark*, we described the litigation privilege as an absolute privilege in those situations where it applies. 218 W.Va. at 433-34, 624 S.E.2d at 870-71; *see Collins*, 211 W.Va. at 461, 566 S.E.2d at 598 (stating that "an absolute privilege removes all possibility of remedy for [an alleged] wrong").