**FILED**
**November 19, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-0722—*Yurish and Douty v. Sinclair Broadcast Group, et al*

WOOTON, J., concurring:

While I concur in the majority's affirmance of the circuit court's dismissal of petitioners' third-party causes of action, I write separately to express my disagreement with the manner in which the majority dispenses with the third-party claim against respondent Preston and Salango PLLC. The majority asserts that this claim fails because the third-party complaint "pled no facts supporting" the commercial speech exception to the First Amendment protection it affords to the speech at issue. In effect, the majority suggests that the cause of action must be dismissed due to a failure of pleading—the failure to plead an *exception* to an *affirmative defense*.

Of course, our law contains no such requirement. Not even six months ago, this Court held that

> [u]nder Rule 8(a) of the West Virginia Rules of Civil Procedure, a plaintiff's complaint need not anticipate or attempt to plead around potential defenses that may be raised by the defendant. A complaint is not required to contain any information about defenses and may not be dismissed, under the guise of Rule 12(b)(6), for that omission.

Syl. Pt. 5, *Gable v. Gable*, 245 W. Va. 213, 858 S.E.2d 838 (2021). Despite citing *Gable*, the majority nevertheless states that "Petitioners must point to some factual allegations in their Complaint" that Preston and Salango's mere reposting of the news stories constituted "commercial speech." This is in direct contravention of *Gable's* holding.

1

In *Gable* this Court found that the lower court violated a "cardinal rule of pleading" by dismissing a complaint "because the plaintiff failed to anticipate and plead facts to rebut potential defenses available to the defendant." *Id*. at ___, 858 S.E.2d at 850. The Court cited a litany of cases which have "universally ruled that '[c]omplaints need not anticipate or attempt to defuse potential defenses.'" *Id*. at ___, 858 S.E.2d at 847 (quoting *U.S. Gypsum Co. v. Indiana Gas Co*., 350 F.3d 623, 626 (7th Cir. 2003)). By affirmatively requiring petitioners to "alleg[e] that Preston and Salango's actions were an advertisement that referred to a specific product or service" or "alleg[e] . . . what economic motivation, if any, Preston and Salango, PLLC, had in publishing the speech[,]" the majority undermines this very recent holding of this Court. *See Morris v. Corder*, No. 20-0750, slip op. at 4 (W. Va. Nov. 16, 2021) (Armstead, J. and Jenkins, C. J., dissenting) (stating that "departure" from "recently rendered" memorandum decision violates "the doctrine of stare decisis").

West Virginia is a notice pleading state. Unquestionably, petitioners pled a fully formed cause of action against the respondents for violation of West Virginia Code § 62-1D-3 and 18 U.S.C. § 2511. In response, respondents asserted that enforcement of that cause of action constituted an unconstitutional abridgement of their freedom of speech—an unmistakable affirmative defense. *See Adams v. Jumpstart Wireless Corp*., 294 F.R.D. 668, 671 (S.D. Fla. 2013) ("An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters."). Petitioners' assertion of the commercial speech exception—which would merely lessen the scrutiny afforded to the cause of action—neither nullifies the cause

2

of action, nor does it go to the elements of proof of their cause of action. *See Coyote Pub., Inc. v. Miller*, 598 F.3d 592, 598 (9th Cir. 2010) ("Restrictions on commercial speech are now reviewed under the standard of intermediate scrutiny[.]").  These issues speak only to whether the cause of action has been rendered unenforceable *in this case* as against *these specific parties* on constitutional principles; as the majority itself acknowledges, this is an "as applied" challenge which does not affect the validity of the underlying cause of action in general.

By discussing the "four corners" of the complaint and "carelessly drafted" pleadings, the majority suggests an inaccurate basis upon which petitioners' claim against Preston and Salango fails.  Claims subject to Rule 12(b)(6) scrutiny do not fail merely for lack of adequate pleading.  More fundamentally, claims must be dismissed where they fail to set forth an actionable claim, under the facts as alleged and accepted as true:  "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Syl. Pt 3, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977).  Having determined that the media reports—which Preston and Salango merely republished—are protected speech

3

under the First Amendment, no actionable claim for their "use" or "disclosure" under the applicable statutes remains.[1]

Petitioners provide this Court with no authority upon which it may pursue a claim under the applicable statutes against an innocent republisher of First Amendment-protected speech. Indeed, it would be absurd to extend First Amendment protection to the originator of the protected content, but impose liability upon those who are even further removed from its creation. *See Bartnicki v. Vopper,* 532 U.S. 514, 546 (2001) (Rehnquist, J., dissenting) ("[O]ne cannot 'disclose' what is already in the public domain."); *The Fla. Star v. B.J.F.*, 491 U.S. 524, 535 (1989) (noting where "certain information [is] publicly available, it is highly anomalous to sanction persons other than the source of its release."); *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 103 (1979) ("[O]nce the truthful information was 'publicly revealed' or 'in the public domain' the court could not constitutionally restrain its dissemination."). Simply put, the third-party complaint against Preston and Salango fails not because it is was insufficiently pled, but because it is not *actionable* under the law of this case, which finds the media reports to be protected by the First Amendment.

---

[1] Critically, the protected speech at issue is not that of Preston and Salango; the protected speech is and remains the media reports, which Preston and Salango merely reposted and to which it appended no original content. The purported contents of the illegible exhibit containing original content of Preston and Salango do not reference, include, or attach the subject media reports and therefore bear no relationship to the allegations in the complaint for "use" or "disclosure" of improperly intercepted communications.

Accordingly, I concur in the majority's determination that the circuit court's dismissal of this claim should be affirmed, but disagree with its suggestion that the dismissal is occasioned by petitioners' failure to "plead around" respondents' First Amendment defense. *See* Syl. Pt. 5, *Gable*, 245 W. Va. 213, 858 S.E.2d 838.