IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KARL E. BARTH,**
**and BLUE RIDGE DEVELOPMENT GROUP, LLC,**
**Plaintiffs Below, Petitioners**

**v.) No. 23-ICA-158**          (Cir. Ct. of Monongalia Cnty. No. 22-C-73)

**WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS,**
**Defendant Below, Respondent**

**FILED**
**June 6, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners, Karl E. Barth and Blue Ridge Development Group, LLC, ("Petitioners") appeal the March 16, 2023, order of the Circuit Court of Monongalia County, West Virginia. Respondent West Virginia University Board of Governors ("the WVUBOG") filed a timely response.[1] Petitioners filed a reply brief. The issue on appeal is whether the circuit court erred in granting the WVUBOG's motion to dismiss as the statute of limitations had run.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, Petitioners and David Martinelli, an agent of Petitioners, began to work on real estate development projects as part of an existing limited liability corporation known as Blue Ridge Development Group, LLC, and explored developing a public-private real estate partnership with the WVUBOG. As early as 2008 or 2009, the WVUBOG engaged in discussions with David Martinelli in his capacity as an agent of Petitioners with regard to the student housing project which would later become University Place. In or about March 2009, Petitioners developed pro forma construction plans for student housing projects in strategic locations near the West Virginia University Campus, including the Sunnyside location of University Place. In the Summer of 2009, Petitioners were involved

---

[1] Petitioners are represented by Andrew D. Byrd, Esq., and Robert B. Warner, Esq. Respondent is represented by Wendy G. Adkins, Esq.

[2] Mr. Barth raises other assignments of error. However, as the issue of statute of limitations is dispositive, we limit our review to the dispositive issue.

in discussions related to the potential purchase of real estate on University Avenue in Sunnyside related to a student housing development. By July 2009, Petitioners had fully developed a project pro forma and narrative for a student housing development on University Avenue in Sunnyside and were actively soliciting financing opportunities to fund such a project. During the relevant time period, the WVUBOG, as part of the investigation and analysis necessary to develop and publish its 2010 Strategic Plan, 2012 Main Campus ~ Student Housing Master Plan, and 2020 Strategic Plans, identified key strategic issues including insufficient and outdated on-campus student housing, and an ever-increasing numeric shortage of two on-campus student housing units, as well as concerns regarding the quality and condition of the on-campus housing options.

In the fall of 2009, David Martinelli began reporting to Petitioners that they would not be able to move on the WVU student housing project due to a lack of potential investors and issues regarding real estate in the area on University Avenue. In early November 2009, David Martinelli left Petitioners' employment. David Martinelli, at some point after leaving, became a member of Paradigm Development Group, LLC ("Paradigm").

On May 1, 2012, the WVUBOG entered into a Pre-Development Agreement with Paradigm which contemplated the assignment of options to purchase certain properties to the WVUBOG related to a public-private partnership in which Paradigm would participate in the development, financing, construction, and management of one or more student housing facilities.

On October 26, 2012, pursuant to the Pre-Development Agreement, the WVUBOG purchased the real property on which the University Place development was to be constructed by Paradigm. The deed reflecting the purchase of properties by WVU was recorded in the public property records in Monongalia County. Also on October 26, 2012, Paradigm and the WVUBOG entered into a Lease and Development Agreement ("LDA") by which Paradigm agreed to lease the real property from the WVUBOG on which it would develop, finance, and construct the mixed-use development known as University Place. The LDA set a target date for completion of the University Place development of August 1, 2015. The WVUBOG proceeded with the development of the University Place student housing project with Paradigm without bidding out the construction, design, engineering, furnishing, or any other aspect of the project.

Just weeks before the opening of University Place, on October 24, 2014, Petitioners filed a civil action against David R. Martinelli and Paradigm in Monongalia Circuit Court - Civil Action No. 14-C-796 - alleging various claims related to the University Place development ("2014 Complaint"). In their 2014 Complaint, Petitioners alleged that the WVUBOG and Paradigm reached a formal agreement as to the development of University Place in May 2012. Further, Petitioners alleged that on October 23, 2012, the WVUBOG passed a motion to authorize the purchase and financing of real property related to the University Place development. Further still, Petitioners alleged that Karl Barth learned of

2

the deal between WVUBOG and Paradigm to develop University Place on February 26, 2013. Lastly, Petitioners alleged that despite their lack of involvement, the University Place development had ultimately been constructed.

The Petitioners' 2014 Complaint was not the only lawsuit filed against the Respondent after the construction of University Place. The absence of a competitive bidding process related to the WVUBOG's agreements concerning the development, financing, and construction of University Place was the subject of litigation before the Monongalia Circuit Court in an action brought by Accelerated Construction Services, LLC, - Civil Action No. 16-C-164 - and heard by the Honorable Russell M. Clawges, Jr., who dismissed the case on February 28, 2017, due to speculative damages.

Like the plaintiffs in Accelerated Construction Services, LLC - Civil Action No. 16-C-164, Petitioners filed this civil action alleging the Respondent violated West Virginia law when it built University Place without competitive bidding. Petitioners in the present case allege that, until receipt of a correspondence dated January 30, 2020, which alerted Petitioners no competitive bidding occurred, they were unaware that no competitive bidding had taken place for the development of University Place. Petitioners filed this action on April 4, 2022.

In response, the WVUBOG filed a motion to dismiss arguing the statute of limitations had run and the Petitioners' complaint was time barred. Following a hearing held on December 20, 2022, the circuit court granted the WVUBOG's motion to dismiss. Petitioners now appeal the March 16, 2023, order.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 1, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc*., 194 W. Va. 770, 461 S.E.2d 516 (1995). The circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Id.* at 776, 461 S.E.2d at 522, *citing* Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co., Inc.,* 160 W.Va. 530, 236 S.E.2d 207 (1977).

On appeal, Petitioners argue that the statute of limitations did not begin to run until the receipt of a correspondence dated January 30, 2020, when the Petitioners were advised for the first time that no competitive bids were solicited by the WVUBOG. We disagree.

> In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct

that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Syl. Pt. 3, *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009) (citation omitted).

Whether a plaintiff "knows of" or "discovered" a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.

*Id.* at Syl. Pt. 4, in part. As discussed by the circuit court, Petitioners' claims are premised on their assertion that they were deprived of the opportunity to bid on the development of University Place as part of an open bidding process. No later than the filing of the 2014 Complaint, Petitioners by their own allegations acknowledged that they knew of the deal between the WVUBOG and Paradigm to develop University Place, and that it had been constructed. Further, at the time of the 2014 Complaint, Petitioners knew they had not participated in an open bidding process for the development. As discussed in *Dunn*, the test is whether a reasonable prudent person would have known or by exercise of reasonable diligence should have known of the existing cause of action. Based on the record and the timeline of events in this matter, Petitioners knew or reasonably should have known that a cause of action existed against the WVUBOG by October 24, 2014. Thus, by waiting until 2022 to file the matter before us on appeal, Petitioners failed to file within the statute of limitations and are time barred from pursuing this action.

Accordingly, we find no error in the circuit court's March 16, 2023, order.

Affirmed.

**ISSUED:** June 6, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4