# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GEORGE NICHOLAS PARSONS,**
**Plaintiff Below, Petitioner**

**v.)  No. 24-ICA-193**     (Cir. Ct. Calhoun Cnty. Case No. CC-07-2023-C-7)

**WILEY TYLER RAINES and**
**CALHOUN COUNTY COMMISSION,**
**Defendants Below, Respondents**

**FILED**

**May 28, 2025**

**released at 3:00 p.m.**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner George Nicholas Parsons appeals the April 9, 2024, order by the Circuit Court of Calhoun County that dismissed his complaint against the respondents, who are the Calhoun County Commission and one of its sheriff's deputies, Wiley Tyler Raines.[1] The circuit court found that the respondents were immune from the claims asserted in the petitioner's complaint.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' briefs and oral arguments, the record on appeal, and the applicable law, we find no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's dismissal order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 17, 2023, the petitioner filed a four-and-a-half-page complaint alleging that, on April 18, 2021, he was driving a vehicle on Leading Creek Road while Deputy Raines was driving in the opposite direction. The complaint alleged that the deputy "negligently, recklessly and unlawfully failed to maintain control of his vehicle therefore causing [the deputy's] front end to strike the driver side of [petitioner's] vehicle proximately causing the [petitioner] to suffer serious personal injuries."

The complaint asserted four causes of action: (1) Negligence, contending that the county commission "was responsible for [Deputy Raines's] careless and negligent conduct"; (2) Recklessness, alleging that the deputy "engaged in reckless driving" and that his "conduct was wanton, willful, reckless and intentional"; (3) Vicarious liability by the county commission because the deputy "was acting within the scope of his employment at the time of the accident"; and (4) Violation of 42 U.S.C. § 1983, contending that Deputy

---

[1] The petitioner is represented by Paul M. Stroebel, Esq. The respondents are represented by Drannon L. Adkins, Esq., and Christopher T. Ferro, Esq.

1

Raines violated the petitioner's constitutional rights when, "acting under the color of state law," the deputy acted with "malice" and "used unnecessary and excessive force when he intentionally drove his vehicle into [petitioner's] vehicle, striking him head on[.]"

The respondents filed a motion to dismiss the petitioner's complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.[2] "Rule 12(b)(6) tests the adequacy of the claims . . . provided by the allegations in the pleading." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020). "When a Rule 12(b)(6) motion is made . . . the burden is upon the moving party to prove that no legally cognizable claim for relief exists." *Id.*

Regarding the first three claims in the petitioner's complaint, all based on state law, the respondents argued in their motion that the petitioner had no right to relief because the claims were barred by the "Wrongful Conduct Statute," West Virginia Code § 55-7-13d(c) and (d) (2016). That statute bars a person from recovering damages caused by his or her commission of a felony. The respondents maintained that the petitioner's first three claims were barred because his injuries resulted directly from his commission of a felony. In support, the respondents attached three documents to their motion.[3] The first document was a May 2021 indictment charging petitioner with two felonies (alleged to be ongoing at the time of the collision with Deputy Raines): (1) fleeing in a vehicle with reckless indifference, asserting that the petitioner fled from the deputy with reckless indifference "by driving erratically; driving at speeds in excess of 70 mph in areas posted at 55 mph; driving left of center; and making erratic lane changes"; and (2) third-offense driving on a license revoked for DUI.[4] The second document was a judge's "Order Following Trial"

---

[2] The respondents' motion relied on the version of Rule 12(b)(6) adopted in 1998, which permitted the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Rule 12 was amended, effective January 1, 2025, but no changes were made affecting this appeal.

[3] When a document outside the complaint is attached to a motion to dismiss, a circuit court should "either expressly disregard the document or treat the motion as one for summary judgment as required by Rule 12(b)(7)." *Mountaineer Fire*, 244 W. Va. at 514, 854 S.E.2d at 876, Syl. Pt. 6. However, the petitioner does not appear to have objected to respondents' attachment of these documents before the circuit court, and his appellate brief does not assign error to the inclusion of the documents. *See* R. App. Pro. Rule 10(c)(7) (A party's brief "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal.").

[4] The indictment actually alleged four felonies. However, one count (fleeing in a vehicle while DUI) was dismissed at the start of the petitioner's criminal trial. Another

2

showing the petitioner was tried before a jury in February 2023, acquitted on the fleeing charge, but found guilty of felony third-offense driving on a license revoked for DUI. The last is a form showing the jury's unanimous verdict. Regarding the petitioner's federal claim under § 1983, the respondents alleged the deputy was entitled to qualified immunity.[5] In response to the respondents' motion, the petitioner filed an amended complaint with one change: the phrase "time of the accident" was altered to "time of the crash."

"The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977). Applying this guideline, in an order dated April 9, 2024, the circuit court granted the respondents' motion to dismiss petitioner's complaint. The circuit court found the petitioner's first three causes of action barred by the Wrongful Conduct Statute, and the fourth barred by qualified immunity.[6]

The petitioner now appeals the circuit court's dismissal order. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). However, we recognize that "[t]he ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine." Syl. Pt. 1, in part, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996).

The petitioner argues that the circuit court erred in finding the Wrongful Conduct Statute barred his state-law claims. In a one-paragraph argument, the petitioner claims (with emphasis added) that his complaint asserts that "the malicious/reckless/intentional conduct of Respondent Raines is *the* proximate cause of the crash," and that petitioner's driving on a revoked license was not *the* proximate cause. At a minimum, the petitioner asks this Court to remand the case for additional discovery. We, however, find no error in the circuit court's application of the statute.

---

count (a second charge of third-offense driving on a license revoked for DUI), which involved an arrest occurring on a day different from that of the collision, was severed from the petitioner's criminal trial.

[5] The respondents also argued that they were immune under the Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1 to -18 ("Tort Claims Act").

[6] The circuit court also concluded that the respondents were immune under the Tort Claims Act, and the petitioner argues this conclusion was in error. However, because the Wrongful Conduct Statute clearly bars petitioner's state-law claims, we need not reach the parties' arguments regarding the Tort Claims Act.

The Wrongful Conduct Statute, West Virginia Code § 55-7-13d(c), provides that a person may not recover on a claim for damages if "[s]uch damages arise out of the person's commission . . . of a felony" and "the person's damages were suffered as a proximate result of the commission . . . of a felony." The next paragraph of the statute specifies that

> in any civil action in which a person has been convicted . . . [of] a felony, the claim shall be dismissed if the court determines as a matter of law that the person's damages were suffered as a proximate result of the felonious conduct . . . upon which the person was convicted.

W. Va. Code § 55-7-13d(d). The circuit court determined that the petitioner was convicted of the felony charge of driving a vehicle while his license was revoked for DUI, third offense. Had the petitioner not been feloniously driving, he would not have been involved in a vehicular collision with Deputy Raines. It has long been established in tort law that one must only show a particular act was *a* proximate cause of an injury, not the *sole* proximate cause. *See, e.g.*, *Mays v. Chang*, 213 W. Va. 220, 224, 579 S.E.2d 561, 565 (2003) (per curiam) ("[A] plaintiff's burden of proof is to show that a defendant's breach of a particular duty of care was *a* proximate cause of the plaintiff's injury, not the *sole* proximate cause."). The circuit court concluded that the petitioner's damages alleged in the complaint were a proximate result of the petitioner's felonious conduct. Accordingly, as a matter of law, the circuit court ruled that the petitioner could not recover on his three state-law claims for damages. The circuit court applied the statute to the facts alleged in the complaint, and the petitioner has articulated no reason why the circuit court's analysis of the statute was erroneous. Accordingly, we find no error by the circuit court in dismissing the first three counts of petitioner's complaint.

The fourth count of the petitioner's complaint alleged a § 1983 deprivation-of-constitutional-rights claim. The petitioner asserts the circuit court erred in finding this claim barred by the doctrine of qualified immunity. Generally stated, qualified immunity shields a government official performing discretionary functions from liability for civil damages when the official's conduct does not violate "clearly established statutory or *constitutional rights* of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added). The petitioner contends that his complaint sufficiently alleges that Deputy Raines violated petitioner's clearly established Fourth and Fourteenth Amendment constitutional rights. The petitioner argues his complaint clearly alleges the crash was intentional and was intended to cause harm and, at a minimum, the case should be remanded to allow for discovery.

However, our review of the petitioner's complaint does not reveal any factual allegations of misconduct, but rather only unsupported conclusions, namely that the deputy acted "intentionally," "under the color of state law," "with malice," and used "excessive/unnecessary force." Petitioner, who was obviously a witness, does not articulate in his complaint any of the conditions leading up to, during, or after the collision. He does

4

not mention in his complaint whether he or the deputy were speeding[7] or swerving on the road, or whether there were other vehicles or individuals at risk of harm. The complaint fails to state facts like the width of the road, whether it was straight or curved, if it had painted lines, or whether the surface was asphalt, gravel, or mud. It is impossible to discern from the complaint whether it was daylight or dark, or the weather clear, rainy, or foggy. It makes no mention of whether the deputy was using his siren or emergency flashing lights. While the documents offered by the respondents suggest a vehicular pursuit was in progress, petitioner says nothing in his original or amended complaints to dissuade from this suggestion. The petitioner discusses no traffic accident report or other documentation. The complaint mentions no testimony from petitioner's criminal trial held two months before the complaint was filed (from, for instance, the petitioner, the deputy, or another investigating officer or witness to the crash). In sum, although petitioner was a participant in the event, his complaint alleges no facts other than that he and Deputy Raines were driving down the same road and collided.

Justices Cleckley and Davis, in their seminal handbook, note that when considering a motion to dismiss, "a trial court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Franklin D. Cleckley, Robin Jean Davis, Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 12(b)(6) at 386 (4th Ed. 2012). *Accord Brown v. City of Montgomery*, 233 W. Va. 119, 127, 755 S.E.2d 653, 661 (2014); *Forshey v. Jackson*, 222 W. Va. 743, 756, 671 S.E.2d 748, 761 (2008). Because the petitioner's allegations, including those that Deputy Raines was acting under color of state law and used excessive force, are nothing more than sweeping, unsupported legal conclusions, the circuit court did not err when it found them insufficient to sustain the petitioner's § 1983 action. Moreover, while malice and intent "may be averred generally," W. Va. R. Civ. P. 9(b) (1998), claims that implicate immunities are subject to a heightened pleading standard. *See Hutchison v. City of Huntington*, 198 W. Va. 139, 149, 479 S.E.2d 649, 659 (1996). Therefore, allegations of state of mind subject to Rule 9(b) must be supported with factual allegations. *See Monongalia Cnty. Comm'n v. Stewart*, No. 22-765, 2024 WL 4784676, at *11 (W. Va. Nov. 14, 2024) (noting that plaintiff could allege state of mind "generally *with supporting facts*") (emphasis added); *State ex rel. W. Va. Att'y-Gen., Medicaid Fraud Control Unit v. Ballard*, 249 W. Va. 304, 323, 895 S.E.2d 159, 178 (2023) (finding complaint lacked sufficient factual allegations in support of allegation of

---

[7] In his reply brief, the petitioner cites to a recent case finding "that excessive speed, barring any legal authority or official justification," can form the basis for a § 1983 action. *Slone v. Racer*, No. CV 3:23-0636, 2024 WL 4314898, at *12 (S.D.W. Va. Sept. 26, 2024). We are unclear as to the import of this citation because neither petitioner's original nor amended complaint alleges that Deputy Raines was driving at an excessive speed, let alone without legal authority or official justification.

malice). As Petitioner's allegations of malice and intent were not supported with factual allegations, the circuit court did not err in finding them insufficient.

Furthermore, petitioner's complaint fails to reflect that Fourth and Fourteenth Amendment claims operate separately under § 1983. Claims alleging violations of Fourth Amendment rights arise only when an officer uses force to seize an individual "*with intent to restrain*. Accidental force will not qualify." *Torres v. Madrid*, 592 U.S. 306, 317 (2021). The complaint poses no facts suggesting Deputy Raines attempted to restrain petitioner, so it does not adequately allege a Fourth Amendment violation. Claims alleging violations of Fourteenth Amendment, substantive-due-process rights require assertions of behavior "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Dean v. McKinney*, 976 F.3d 407, 413 (4th Cir. 2020) (citations omitted). In the context of traffic collisions, culpability by a government official for "conscience shocking" actions is measured on a spectrum: there is no liability for negligently inflicted harm, *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998); liability can be imposed when there is "intent to harm" an individual, *id.* at 854; and there is an "intermediate level of culpability" where it is established there was "deliberate indifference" by the official. *Dean*, 976 F.3d at 415 (citations omitted). "Deliberate indifference" requires an allegation that actual deliberation by the official was practical under the circumstances such that there was "time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations." *Id.*

The petitioner's complaint repeatedly alleges that Deputy Raines's actions were negligent, and federal courts are clear that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id.* at 414 (quoting *Lewis*, 523 U.S. at 849). Nevertheless, in his brief, the petitioner also hedges between claiming that either the "intent to harm" or the "deliberate indifference" standard applies. But nowhere in his complaint does the petitioner allege facts detailing the manner or conditions in which Deputy Raines was driving. To the extent the complaint alleges the deputy intentionally crashed into the petitioner's vehicle, as noted earlier, there are no facts alleged to support that conclusion. Nor does the complaint allege facts to show Deputy Raines had time to deliberate on his actions, subjectively recognized that his actions were inappropriate in light of the substantial risk of harm, and yet recklessly proceeded. In sum, the complaint fails to allege a substantive due process violation.

Our law is clear that "a ruling on qualified immunity should be made early in the proceedings so that the expense of trial is avoided where the defense is dispositive. First and foremost, qualified immunity is an entitlement not to stand trial, not merely a defense from liability." *Maston v. Wagner*, 236 W. Va. 488, 498, 781 S.E.2d 936, 946 (2015). Like the circuit court, we see no facts in the petitioner's complaint demonstrating how the deputy violated a clearly established constitutional right. Hence, we find no error in the circuit court's order finding petitioner's § 1983 cause of action barred by the doctrine of qualified immunity.

Accordingly, we affirm.

Affirmed.

**ISSUED:** May 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

7