# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 27, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LATONYA BURTON,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-339**   (Cir. Ct. Kanawha Cnty. Case No. CC-20-2024-C-462)

**WEST VIRGINIA DIVISION OF**
**CORRECTIONS and JOHN AND**
**JANE DOES,**
**Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioner Latonya Burton appeals the July 26, 2024, order from the Circuit Court of Kanawha County granting Respondent West Virginia Division of Corrections ("WVDCR") and John and Jane Does' (collectively "the Does") Motion to Dismiss and denying Ms. Burton's July 22, 2024, motion moving the circuit court to reconsider its ruling dismissing all Ms. Burton's claims against the Does. WVDCR and the Does filed a response.[1] Ms. Burton filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Burton was incarcerated at Eastern Regional Jail ("ERJ") located in Martinsburg, West Virginia. ERJ is a correctional facility owned and operated by WVDCR. On April 11, 2022, Ms. Burton alleges she was being loaded into a prison transportation van to be taken from ERJ to Potomac Highlands Regional Jail and Correctional Facility ("PHRJ") for a one-night layover before she reached Lakin Correctional Center and Jail ("Lakin"). During the process of being loaded into a transport van, Ms. Burton alleges both her arms and legs were shackled. The complaint alleges "[t]he corrections officer did not help the plaintiff into the van and did brace her from behind as she attempted to lift her body into the van while shackled." Ms. Burton further alleges she struck her head on a

---

[1] Ms. Burton is represented by Joseph H. Spano, Jr., Esq. WVDCR and the Does are represented by Matthew R. Whitler, Esq.

metal pole while trying to enter the van, fell backwards down metal steps, and fell headfirst onto the ground suffering injury. She alleges the corrections officer moved out of the way and allowed her to fall. Finally, she alleges she did not receive medical care while she was at PHRJ or Lakin.

On April 18, 2024, Ms. Burton filed her complaint against WVDCR and John and Jane Does. The complaint alleges a claim for negligence against all respondents, a claim for negligent infliction of emotional distress against all respondents, and a claim for negligent hiring, retention, and supervision against WVDCR only. On May 20, 2024, respondents filed a motion to dismiss arguing they were entitled to qualified immunity. Ms. Burton filed a response and respondents filed a reply. At the July 12, 2024, hearing on the motion, Ms. Burton's counsel clarified that although the complaint states that the unidentified officer did "brace [Ms. Burton] from behind as she attempted to lift her body into the van while shackled," it was intended to state that Ms. Burton was not braced during her attempt to enter the van. After hearing arguments from the parties, the circuit court found that the unknown correctional officer engaged in discretionary acts and that Ms. Burton failed to plead that the respondents were in violation of a clearly established right. The circuit court then granted qualified immunity to all respondents, dismissed all three counts of the complaint, and granted the motion to dismiss. That same day, Ms. Burton filed a motion moving the circuit court to reconsider its ruling to dismiss the negligence and negligent infliction of emotional distress claims against the Does. On July 22, 2024, after respondents submitted their proposed order, Ms. Burton filed a renewed objection to the dismissal. On July 26, 2024, the circuit court entered a written order granting the motion to dismiss on all claims with prejudice and denying Ms. Burton's objections because there was no cause to reconsider its ruling. It is from this order that Ms. Burton now appeals.

This Court reviews a circuit court's rulings on a motion to dismiss under a de novo standard of review. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc*., 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc*., 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted). With this standard in mind, we turn to the arguments at issue.

On appeal, Ms. Burton asserts one assignment of error. She argues the circuit court erred in granting qualified immunity and dismissing her negligence and negligent infliction of emotional distress claims against the Does because the Does were acting within the scope of their employment and their actions impute vicarious liability to the WVDCR. However, Ms. Burton misconstrues the circuit court's qualified immunity analysis and its effect in the decision on appeal. In West Virginia, state officials and employees are entitled to qualified immunity on their "acts or omissions" in the performance of "discretionary

2

functions," unless "the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive." Syl. Pt. 11, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014). The question as to whether an employee was acting within the scope of their employment relates to qualified immunity as follows:

> If the plaintiff identifies a clearly established right or law which has been violated by the acts or omissions of the State, its agencies, officials, or employees, or can otherwise identify fraudulent, malicious, or oppressive acts committed by such official or employee, the court must determine whether such acts or omissions were within the scope of the public official or employee's duties, authority, and/or employment. To the extent that such official or employee is determined to have been acting outside of the scope of his duties, authority, and/or employment, the State and/or its agencies are immune from vicarious liability, but the public employee or official is not entitled to immunity in accordance with *State v. Chase Securities, Inc.,* 188 W.Va. 356, 424 S.E.2d 591 (1992) and its progeny. If the public official or employee was acting within the scope of his duties, authority, and/or employment, the State and/or its agencies may be held liable for such acts or omissions under the doctrine of *respondeat superior* along with the public official or employee.

*Id.* at 492, 766 S.E.2d at 756, Syl. Pt. 12.

The scope of employment analysis relates to the claim of vicarious liability, which can be asserted against an employer to hold it accountable for the actions of its employee. *See, e.g.*, *id.* at 499-500, 766 S.E.2d at 758-59. Even if Ms. Burton asserted vicarious liability against WVDCR, which is the Does' employer here, she does not appeal the dismissal of WVDCR. Additionally, the circuit court found that the Does' alleged acts and omissions did not violate a clearly established right or law, and Ms. Burton does not challenge that finding on appeal. Where a plaintiff fails to allege facts showing a violation of a clearly established right or law, "both the State and its officials or employees charged with such acts or omissions are immune from liability." *Id.* at 492, 766 S.E.2d at 756, Syl. Pt. 11. Accordingly, having found that Ms. Burton's factual allegations, taken as true, did not establish that the Does violated a clearly established right or law, it was unnecessary for the circuit court to determine if the Does were acting within the scope of their employment. As a result, Ms. Burton has failed to show the circuit court committed an error that would entitle her to relief.

Accordingly, we affirm the circuit court's July 26, 2024, order.

Affirmed.

3

**ISSUED:** June 27, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White