## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KIZZIE MARCUM,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-463**      (Cir. Ct. Wayne Cnty. No. CC-50-2023-C-33)

**JOEY STEELE and**
**ARBIE THOMPSON,**
**Defendants Below, Respondents**

### MEMORANDUM DECISION

Petitioner Kizzie Marcum appeals the Circuit Court of Wayne County's August 29, 2023, order. In that order, the circuit court dismissed Ms. Marcum's complaint on the basis that her claims were time barred. Respondents Joey Steele and Arbie Thompson filed a response in support of the circuit court's order.[1] Ms. Marcum did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case involves the Estate of William Thompson, who died on May 27, 2022. On July 8, 2022, Respondent Joey Steele filed an Affidavit for Small Estate with the Wayne County Commission which indicated that he was William Thompson's nephew and was to receive 100% of the estate pursuant to the handwritten Will of William Thompson. On the same date, the Wayne County Commission issued a Small Estate Certificate and Authorization.

On March 16, 2023, Ms. Marcum, along with two other individuals – Joshua Thompson and Jacob Thompson – filed the underlying action. This action was characterized in Ms. Marcum's Complaint as a "Contest [of] a Will." The complaint asserted that the Will was mechanically invalid; that Mr. Thompson supposedly did not have sufficient testamentary capacity to execute the document; and that Joey Steele was not Mr. Thompson's nephew.

---

[1] Ms. Marcum is self-represented. Respondents are represented by Anna M. Price, Esq., and Michael A. Frye, Esq.

1

On March 22, 2023, Respondents filed a Motion to Dismiss the underlying matter pursuant to Rule 12(b)(6) and West Virginia Code § 41-5-11 (1994). The gist of the motion was that Ms. Marcum and the other plaintiffs had filed an action to impeach the probated Will outside of the prescribed time period for doing so provided by statute. On April 20, 2023, Ms. Marcum filed a "Motion to Cuniture [sic] – Case" which was discussed at a hearing on May 15, 2023. On May 16, 2023, the circuit court entered an Order Granting Continuance which provided Ms. Marcum a continuance in order to obtain legal counsel. The circuit court further set Respondents' Motion to Dismiss for hearing on August 15, 2023.

On August 15, 2023, the parties once again came before the circuit court in regard to the Motion to Dismiss. Ms. Marcum and the other plaintiffs appeared without legal representation. The circuit court then took oral argument from the parties on the Motion to Dismiss. On August 29, 2023, the circuit court entered an order dismissing Ms. Marcum's will contest on the grounds that it had not been filed within the applicable time limit set forth in W. Va. Code § 41-5-11. It is from this order that Ms. Marcum appeals.

On appeal, we apply the following standard of review: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo."* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "A court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)).

On appeal, Ms. Marcum asserts various factual contentions related to the Will and the relationship between Joey Steele and William Thompson. She does not argue that the circuit court's determination that her complaint was time barred was error. Nevertheless, we conduct our review de novo.

The West Virginia Small Estate Act provides:

> (b) For any will attached to and tendered with the affidavit provided in this article, the provisions of § 41-5-11 of this code apply in like manner as if the will had been probated by an order of the county commission entered on the date of the issuance of the certificate and authorization of a small estate by the county clerk or fiduciary supervisor.

W. Va. Code § 44-1A-5(b) (2022). In turn, West Virginia Code § 41-5-11 provides that:

2

After a judgment or order entered as aforesaid in a proceeding for probate ex parte, any person interested who was not a party to the proceeding, or any person who was not a party to a proceeding for probate in solemn form, may proceed by complaint to impeach or establish the will . . . If the judgment or order was entered by the circuit court on appeal from the county commission, such complaint shall be filed within six months from the date thereof, and if the judgment or order was entered by the county commission and there was no appeal therefrom, such complaint shall be filed within six months from the date of such order of the county commission. If no such complaint be filed within the time prescribed, the judgment or order shall be forever binding.

Therefore, under § 41-5-11, as applied to the West Virginia Small Estate Act, a person who seeks to impeach a will must file their complaint within six months of the issuance of the Certificate and Authorization of a Small Estate. Here, the Certificate and Authorization of a Small Estate was issued on July 8, 2022. Ms. Marcum did not file her complaint seeking to contest the Will until March 16, 2023. Therefore, her complaint is time barred as it was filed outside of the six-month timeframe. Furthermore, on appeal, Ms. Marcum has the duty to support her arguments with citation to authority as well as "appropriate and specific citations to the record . . ." W. Va. R. App. P. 10(c)(7). Otherwise, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Ms. Marcum's brief contains no citation to the record or applicable authority. Accordingly, since Ms. Marcum's complaint is time barred and she otherwise failed to comply with the Rules of Appellate Procedure, the circuit court's August 29, 2023, order is affirmed.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear


Chief Judge Thomas E. Scarr, not participating

3