IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**IRAN E. GLOVER,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-60**    (Cir. Ct. Marion Cnty. Case No. CC-24-2023-C-55)

**FAIRMONT CITY POLICE DEPARTMENT,**
**Defendant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Iran E. Glover appeals a November 7, 2023, order from the Circuit Court of Marion County that granted Respondent Fairmont City Police Department's ("Fairmont City Police") motion to dismiss for insufficiency of service and denied Mr. Glover's motion for default judgment. No response was filed.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the outset, we note that the record on appeal is sparse, which limits this Court's recitation of the facts. Mr. Glover is an inmate at Mt. Olive Correctional Complex and has filed a lawsuit against the Fairmont City Police. At some point in the litigation, Fairmont City Police filed a motion to dismiss pursuant to Rule 12(b)(5) of the West Virginia Rules of Civil Procedure for insufficiency of service of process. Mr. Glover also filed a motion for default judgment. On September 14, 2023, the circuit court held a hearing on these motions and both Mr. Glover and Fairmont City Police, via its attorney, appeared and presented argument.

Next, on November 7, 2023, the circuit court entered an order granting Fairmont City Police's motion to dismiss and dismissed the case without prejudice. The circuit court held that service of process was made upon Misty Ledsome, who is a general records clerk with the City of Fairmont Police Department. It found that this service failed to comply with Rule 4(d)(6)(A) of the West Virginia Rules of Civil Procedure because Mr. Glover

---

[1] Mr. Glover is self-represented.

1

failed to make a clear showing that "a general records clerk has been delegated by the City of Fairmont to accept process on behalf of the City of Fairmont Police Department." The circuit court also denied Mr. Glover's motion for default judgment because Fairmont City Police did not fail to defend against Mr. Glover's claims. The court also found there was no prejudice suffered by Mr. Glover. It is from this order that Mr. Glover now appeals.

A motion for default judgment is reviewed under an abuse of discretion standard. In Syllabus Point 3 of *Hinerman v. Levin*, 172 W. Va. 777, 310 S.E.2d 843 (1983), the Supreme Court of Appeals of West Virginia held that "[a]ppellate review of the propriety of a default judgment focuses on the issue of whether the trial court abused its discretion in entering the default judgment." The Supreme Court of Appeals has further held as follows:

> In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

Syl. Pt. 3, *Parsons v. Consol. Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979).

The circuit court's ruling here is also based upon a motion to dismiss, and our standard of review is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted). With these standards in mind, we turn to the arguments at issue.

Mr. Glover asserts three assignments of error.[2] First, he argues the circuit court erred by dismissing his motion for default judgment because it held that Fairmont City Police was allowed thirty days to serve its answer under Rule 12(a) of the West Virginia Rules of

---

[2] In this case, we note that our review is hampered by Mr. Glover's failure to file an appendix that complies with the requirements set for the in Rule 7 of the West Virginia Rules of Appellate Procedure. Mr. Glover failed to provide this Court with his complaint, the motions filed below, or any other case related documents other than a hearing transcript and the circuit court's final order. Nevertheless, we will consider and rule on Mr. Glover's appeal with the limited information provided.

Civil Procedure. Upon review, we find no error because Mr. Glover has failed to show the circuit court abused its discretion in denying his motion for default judgment. The circuit court found that the *Parsons* factors weighed in favor of denying Mr. Glover's motion. *See* Syl. Pt. 3, *Parsons*, 163 W. Va. 464, 256 S.E.2d 758 (1979). Further, the circuit court found Mr. Glover did not suffer prejudice. On appeal, Mr. Glover has failed to produce any evidence to demonstrate error and has failed to show that the lower court abused its discretion.

Mr. Glover's second and third assignments of error are closely related, and we will consider them together in our review. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error). Mr. Glover argues the circuit court erred by dismissing this case for insufficiency of service of process because Misty Ledsome was a "clerk" as defined under Rule 4(d)(6)(A) of the West Virginia Rules of Civil Procedure. Rule 4(d)(6)(A) requires that service upon a domestic public corporation shall be made "[u]pon a city, town, or village, by delivering or mailing in accordance with paragraph (1) above a copy of the summons and complaint to its mayor, city manager, recorder, clerk, treasurer, or any member of its council or board of commissioners . . . ." Here, Mr. Glover has produced no evidence to establish that Misty Ledsome was a person who met the qualifications to be served pursuant to Rule 4(d)(6)(A). There is nothing in the record provided on appeal that shows the circuit court committed error. Therefore, we cannot determine the circuit court erred in dismissing his complaint for insufficiency of service of process.

Accordingly, we affirm.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear