IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**January 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRIS SMITH,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-536**          (Cir. Ct. Kanawha Cnty. Case No. 22-P-375)

**ELK RIVER BOOTS AND SADDLE CLUB, INC.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chris Smith appeals an October 26, 2023, order from the Circuit Court of Kanawha County which granted Respondent Elk River Boots and Saddle Club, Inc.'s ("ERBSC") motion to dismiss. ERBSC filed a response.[1] Mr. Smith filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the circuit court's decision and remanding for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

ERBSC is a 501(c)(3) corporation whose purpose is to promote interest in all things equine related, and Mr. Smith is a former member of this organization. The Amended Complaint was filed on December 29, 2022, and named Morgan Lloyd, Brandy Chandler, Tiffany Chandler, Christy Smith, and Petitioner Chris Smith as plaintiffs. This is the operative complaint in this matter, and it asserts the following claims: Count I for a declaration that the June 17, 2022, virtual/remote board meeting was in violation of W. Va. Code § 31E-7-708(f) (2021); Count II for injunctive relief requiring ERBSC to honor the request for a special meeting; and Count III for ultra vires acts. The complaint alleges ERBSC, via its Board of Directors ("Board"), sought to remove all members who prefer to participate in "contest" events to keep its membership numbers artificially low to maintain ERBSC's current Board and officers. Following a Board meeting on June 16, 2022, the underlying plaintiffs allege they became concerned about the Board's conduct towards certain members and the goals and purposes of the organization. On July 5, 2022, the

---

[1] Mr. Smith is self-represented. ERBSC is represented by Sherri Goodman Reveal, Esq.

1

plaintiffs allege they sent a certified letter to the Board requesting a special meeting pursuant to West Virginia Code § 31E-7-702 (2002). They allege this letter requested this meeting be held on or before July 20, 2022, and stated they were seeking to conduct a vote of no confidence in the Board and for the Board's removal. The complaint further alleges that the plaintiffs themselves amounted to at least five percent of all votes needed to be cast on any issue pursuant to West Virginia Code § 31E-7-702(a)(2). The plaintiffs allege ERBSC refused to acknowledge this request and failed to conduct this meeting.

The complaint alleges ERBSC did conduct a meeting on July 15, 2022, and that Morgan Lloyd, a plaintiff below, presented a letter of action to ERBSC prior to this meeting which contained a signed petition to remove the Board and to vote in new officers and directors. The complaint alleges the Board ignored this request and instead terminated the underlying plaintiffs' memberships. The plaintiffs allege that ERBSC board member Sherry Reed distributed generic, misleading, and inaccurate membership revocation letters to them, which gave no specific reason for their termination. The complaint also alleges these letters were dated "June 18, 2022" despite being hand delivered to plaintiffs for the first time on July 15, 2022, and were never mailed to plaintiffs. The plaintiffs further allege the Board engaged in other misconduct, which when considered with the conduct described above, was part of a plot to wrongfully terminate their memberships in ERBSC so the Board would not have to honor the request for the special meeting and face the vote of no confidence.

On April 14, 2023, ERBSC filed its motion to dismiss, which included various exhibits. The underlying plaintiffs filed a response, which also included various exhibits, and ERBSC filed a reply. On October 26, 2023, the circuit court entered an order granting ERBSC's motion to dismiss and dismissed this case with prejudice. The circuit court found it lacked subject matter jurisdiction under West Virginia Code § 31E-7-703 (2002) because the underlying plaintiffs were not members of the ERBSC at the time they made this demand and could not order a special meeting. The court further held that the plaintiffs' claim that ERBSC's decision to terminate their membership was beyond the Board's power failed to state a claim upon which relief could be granted. The circuit court based its ruling on its findings that the plaintiffs' memberships were appropriately revoked based on their conduct at a June 4, 2022, contest event; that the July 15, 2022, meeting was properly conducted; and that the membership termination letters were sent properly because there are no legal requirements which required a specific procedure to be followed. The court held that the underlying plaintiffs' memberships were revoked prior to the date they sent their letter requesting the special meeting and that, as a result, they did not have standing to request this meeting or to file this lawsuit. Finally, the circuit court held that the Amended Complaint failed to state a claim that ERBSC's termination of the plaintiffs' memberships was beyond ERBSC's power or in violation of the law. It is from this order that Mr. Smith now appeals.

This Court reviews a circuit court's rulings on a motion to dismiss under a de novo standard of review. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted). With this standard in mind, we turn to the arguments at issue.

On appeal, Mr. Smith asserts two assignments of error. First, he argues the circuit court erred when it found the membership termination decisions of the ERBSC were effective and that he was not a member of the club when he demanded a special meeting pursuant to West Virginia Code § 31E-7-703. Second, Mr. Smith argues the circuit court erred when it failed to consider the implied wrongful conduct of the ERBSC and his alleged improper removal from the organization. Central to these assignments is the circuit court's apparent reliance on extraneous evidence and factual allegations that were not contained in the Amended Complaint. For instance, the circuit court held that it agrees with ERBSC's statements that the June 17, 2022, meeting was conducted appropriately, which refutes the complaint's allegations to the contrary. In addition, the circuit court's order describes a May 9, 2022, membership meeting and a June 4, 2022, horse show event that were never mentioned in the Amended Complaint. The order then states that ERBSC terminated the underlying plaintiffs' memberships based on their actions at the June 4, 2022, event because they violated the bylaws and safety practices of the organization. The circuit court's use of these factual allegations, which appear to be taken from documents outside the pleadings, was improper absent further analysis.

In evaluating a motion to dismiss, the circuit court must "presume all of the plaintiff's factual allegations are true" and must "construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman*, 160 W. Va. at 538, 236 S.E.2d at 212). West Virginia law is clear "that circuit courts considering motions under Rule 12(b)(6) should confine their review to the four corners of the complaint or other disputed pleading and may not consider extraneous documents." *Id.* at 526, 854 S.E.2d at 888. The circuit court must also "presume all of the plaintiff's factual allegations are true" and must "construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Id.* at 520, 854 S.E.2d at 882 (citing *Chapman*, 160 W. Va. at 538, 236 S.E.2d at 212). A limited exception to this rule exists where a document is annexed to a pleading. *Id.* at 526, 854 S.E.2d at 888. Further,

> When a movant makes a motion to dismiss a pleading pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, and attaches to the

motion a document that is outside of the pleading, a court may consider the document only if (1) the pleading implicitly or explicitly refers to the document; (2) the document is integral to the pleading's allegations; and (3) no party questions the authenticity of the document. If a document does not meet these requirements, the circuit court must either expressly disregard the document or treat the motion as one for summary judgment as required by Rule 12(b)(7).

*Id.*, 244 W. Va. 508, 854 S.E.2d 870, Syl. Pt. 6. The circuit court failed to state whether it relied on documents outside the pleadings, whether the consideration of these documents met these requirements, or whether it converted this motion to dismiss to a motion for summary judgment. This is inappropriate. Here, the October 26, 2023, order is silent regarding the circuit court's consideration of documents outside the pleadings and does not explain whether the court undertook the analysis described in *Mountaineer Fire*. Based on that deficiency, we cannot determine whether the circuit court abused its discretion in considering documents outside the pleadings. Therefore, we must vacate the order and remand the matter to the circuit court for a more detailed analysis consistent with the procedure described in *Mountaineer Fire*.[2]

Accordingly, the circuit court's October 26, 2023, order is vacated, and this case is remanded for further proceedings.

Vacated and Remanded.

**ISSUED:** January 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[2] Because we vacate the order and remand for additional proceedings to address the insufficiency as to the circuit court's consideration of documents outside the pleadings, we decline to address the merits of petitioners' assignments of error and consider those mooted by this decision.

4