# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**LONNIE STANLEY,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-146**          (Cir. Ct. Putnam Cnty. Case No. CC-40-2024-C-182)

**STRUCTSURE SCAFFOLD SOLUTIONS, LLC,**
**and JONATHAN LASURE,**
**Defendants Below, Respondents**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lonnie Stanley appeals the Circuit Court of Putnam County's March 14, 2025, Order Granting Defendants' Partial Motion to Dismiss. The issue on appeal is whether the circuit court properly dismissed Mr. Stanley's deliberate intent claim against Mr. Lasure with prejudice. Respondents Structsure Scaffold Solutions, LLC, ("SSS") and Jonathon Lasure filed a response in support of the circuit court's order.[1] Mr. Stanley did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's order but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal, in part, in a memorandum decision. For the reasons set forth below, the circuit court's order is affirmed, in part, and reversed, in part, and this matter is remanded.

On September 20, 2024, Mr. Stanley, by counsel, filed his complaint in circuit court against SSS and Mr. Lasure. According to the complaint, Mr. Stanley was employed as a carpenter by SSS and was supervised by Mr. Lasure. The complaint further alleged that "Defendant, Jonathan Lasure, the plaintiff's supervisor, acted with consciously, subjectively, and deliberately formed intention to strike the Plaintiff, Lonnie Stanley with the truck, constituting deliberately formed intention to injure Lonnie Stanley." The complaint goes on to allege that various employees of SSS previously complained

---

[1] Mr. Stanley is represented by Charles M. Love IV, Esq. SSS and Mr. Lasure are represented by Anders W. Lindberg, Esq., Dallas F. Kratzer III, Esq., and Daniel J. Boothe, Esq.

regarding Mr. Lasure's anger issues creating dangerous and unsafe working conditions and that SSS permitted Mr. Stanley to be subjected to such unsafe working conditions.[2]

On November 22, 2024, SSS and Mr. Lasure filed their partial motion to dismiss, or in the alternative, motion for partial summary judgment regarding Mr. Stanley's deliberate intent claims. The motion alleged that on the date of the incident, Mr. Stanley and Mr. Lasure were working at a job site when they had a disagreement over the timeframe for delivery of certain materials. During this disagreement, Mr. Lasure was sitting in the driver's seat of a pickup truck that had the passenger door open. Mr. Lasure began to move the truck, causing the open passenger door to hit Mr. Stanley in his elbow. Respondents argued that they were entitled to judgment because the complaint failed to properly allege a deliberate intent claim because it failed to plead sufficient facts to demonstrate actual, specific intent or unsafe working conditions, and failed to provide required documentation which were prerequisites to properly pleading a deliberate intent claim pursuant to West Virginia Code § 23-4-2(d)(2)(B).

On January 17, 2025, Mr. Stanley filed his response to the motion for partial dismissal or summary judgment. Mr. Stanley argued that his deliberate intent claim was proceeding under West Virginia Code § 23-4-2(d)(2)(A) and not West Virginia Code § 23-4-2(d)(2)(B), and therefore none of the prerequisite documentation cited by SSS and Mr. Lasure was required.

On January 24, 2025, SSS and Mr. Lasure filed a reply in support of their motion, which argued that although the complaint does not specify under which section of West Virginia Code § 23-4-2 the claims were pled, they were deficient under both the "heightened deliberate intent" claims contemplated by West Virginia Code § 23-4-2(d)(2)(A) and the "five-factor deliberate intent" claims contemplated by West Virginia Code § 23-4-2(d)(2)(B)(i)-(v).

On March 6, 2025, the circuit court held a hearing on the Respondents' motion. On March 14, 2025, the circuit court entered its Order Granting Defendants' Partial Motion to Dismiss. In that order, the circuit court held that employees covered by workers' compensation, such as Mr. Stanley, may sue covered co-employees, such as Mr. Lasure, for "heightened deliberate intent" claims under West Virginia Code § 23-4-2(d)(2)(A) but not "five-factor deliberate intent" claims under West Virginia Code § 23-4-2(d)(2)(B). The court found that Mr. Stanley made no allegation that SSS violated subsection (A) and otherwise failed to state a claim against Mr. Lasure pursuant to subsection (A) because he made no allegation to support an inference that either Respondent acted with the subjective

---

[2] Though not at issue in this appeal, the complaint also alleges a claim for wrongful termination based on SSS allegedly firing Mr. Stanley while he was recuperating from his injuries.

desire to injure or kill Mr. Stanley. Instead, the circuit court held that Mr. Stanley merely recited the statutory language for a "heightened deliberate intent" claim, but his factual allegations supported only a "five-factor deliberate intent" claim. The circuit court went on to hold that Mr. Stanley also failed to adequately plead the five factors outlined in subsection (B). As a result, the circuit court dismissed the claim for deliberate intent against both Respondents with prejudice. It is from this order that Mr. Stanley appeals.

Our standard of review for the Order Granting Defendants' Partial Motion to Dismiss is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "For purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff. The trial court's inquiry will be directed to whether the allegations constitute a statement of a claim under Rule 8(a)." *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977). With these standards in mind, we turn to the assignment of error.

On appeal, Mr. Stanley asserts that the circuit court erred in dismissing his deliberate intent claim pursuant to West Virginia Code § 23-4-2(d)(2)(A) (2023) against Mr. Lasure with prejudice.[3] We agree. As an initial matter, the Court notes that workers' compensation immunity protects employers from tort liability for injury to covered employees, when the employers maintain workers' compensation insurance. *See* W. Va. Code § 23-2-6 (2022).

---

[3] The lone assignment of error asserted by Mr. Stanley states:

> The trial court erred in dismissing the plaintiff's claim for deliberate and intentional injury with prejudice where plaintiff's foreman intentionally struck him with a pickup truck, where the foreman's supervisors were informed of his propensity towards violence, and where the claim was brought under W.Va. code § 24-4-2(d)(2)(A).

Despite the broad wording of this assignment of error, the arguments made in Mr. Stanley's brief pertain solely to the dismissal with prejudice of his deliberate intent claim pursuant to West Virginia Code § 23-4-2(d)(2)(A) against Mr. Lasure. To the extent that the assignment of error could be construed to assert error in the dismissal of SSS, the Court finds that Mr. Stanley has failed to challenge the order's dismissal of SSS. *See* Rule 10(c)(7) W. Va. R. App. P.; *see also Megan W. v. Robert R.*, No. 23-ICA-353, 2024 WL 1592600, at *5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) ("It is well established that, '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim[.]'") (quoting *State v. Lambert*, 236 W. Va 80, 100, 777 S.E.2d 649, 669 (2015); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal.).

Further, such immunity extends to covered co-employees acting in furtherance of the employer's business. *See* W. Va. Code § 23-2-6a (1949).

However, a covered co-employee, such as Mr. Lasure, may lose the benefit of workers' compensation immunity if the "person against whom liability is asserted acted with 'deliberate intention[.]'" W. Va. Code § 23-4-2(d)(2). The workers' compensation statutes allow for two types of deliberate intent claims: "heightened deliberate intent" claims under West Virginia Code § 23-4-2(d)(2)(A), and "five-factor deliberate intent" claims under § 23-4-2(d)(2)(B). Here, Mr. Stanley argues that he is pursuing only "heightened deliberate intent" pursuant to West Virginia Code § 23-4-2(d)(2)(A). In that regard, the Supreme Court of Appeals of West Virginia has held,

> To properly plead a prima facie case under [West Virginia Code § 23-4-2(d)(2)(A)], the statute requires an employee set out *deliberate intention* allegations. Under the statute, *deliberate intention* allegations may only be satisfied where it is alleged an employer acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury.

Syl. Pt. 9, *Tolliver v. Kroger Co.*, 201 W. Va. 509, 498 S.E.2d 702 (1997). The Supreme Court of Appeals "further explained that 'deliberate intention allegations' require 'an intentional or deliberate act by [the employer or covered co-employee] with a desire to bring about the consequences of the act.'" *Edwards v. Stark*, 247 W. Va. 415, 421, 880 S.E.2d 881, 887 (2022) (citation omitted).

Here, Paragraph 11 of Mr. Stanley's complaint specifically alleges that "Defendant, Jonathan Lasure, the plaintiff's supervisor, acted with consciously, subjectively, and deliberately formed intention to strike the Plaintiff, Lonnie Stanley with the truck, constituting deliberately formed intention to injure Lonnie Stanley." This allegation specifically alleges that Mr. Lasure deliberately hit Mr. Stanley with a truck with the intent of injuring Mr. Stanley. Such an allegation meets the standard of a prima facie pleading of a West Virginia Code § 23-4-2(d)(2)(A) claim under Syllabus Point 9 of *Tolliver*. Accordingly, we find that the circuit court erred when it dismissed Mr. Stanley's "heightened deliberate intent" claim against Mr. Lasure.

For the foregoing reasons, we reverse the circuit court's March 14, 2025, Order Granting Defendants' Partial Motion to Dismiss in regard to the dismissal of Mr. Stanley's "heightened deliberate intent" claim pursuant to West Virginia Code § 23-4-2(d)(2)(A) against Mr. Lasure and remand this matter for further proceedings. Given the assignments of error and Mr. Stanley's briefing, we decline to disturb the circuit court's order as it pertains to SSS.

4

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White